TRESHANSKY et v NORTHERN OHIO LUMBER CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9795.   Decided September 16, 1929

Messrs. B. A. Feldman and J. Moldaver, Cleveland, for Treshansky.

Mr. Paul Howland, Cleveland, for Lumber Co.

VICKERY, PJ.

We have gone over this record, we have heard the arguments of counsel and we have familiarized ourselves with the briefs, and we cannot say that the court erred. Is it possible that a man having a note that he receives in the regular course of business for a valuable consideration, makes himself responsible, if he puts that note in judgment, for malicious prosecution, abuse of process and slander of title, or because the judgment becomes a lien upon the lands owned by the judgment debtor lying within the county? To promulgate such a doctrine would make it very hazardous indeed for anybody to seek the aid of the courts in collecting anything that might be due him or claimed to be due him.

It is claimed that this note upon which judgment was taken, as a matter of fact was never delivered to Kerman; that it was an uncompleted deal and that the note was stolen from the desk of Mr. Blythin. Of course, if that was so, it might and it might not be a defense against the person to whom the note was given, and into whose hands the note ultimately fell for value before maturity depending entirely upon the circumstances. Usually the non-delivery of the note is a defense to the note, but unless the evidence in this record would show that the defendant in error in this action, the defendant below, was a party to that and connived at it, or knew of the situation and then maliciously and wilfully, to injure the plaintiffs, put this note in judgment when they knew the circumstances, there would be no right of action for relief such as sought for in this petition. It might be a complete defense to the action and grounds for vacating and setting aside the judgment but would not make the defendant liable for an action as is sought to be maintained here.

The evidence falls short of showing that the defendant knew that this note was stolen or had not been properly negotiated. The evidence on this is to the contrary.

There is some evidence to show that plaintiffs suffered some damage by the judgment being a lien upon their property. That is one of the things that follow a judgment, but there is nothing to show either malicious prosecution or abuse of process. The dismissing of the first suit is accounted for because it was prematurely brought; the dismissal of the last suit is accounted for because the claim for which this note was given as collateral had been satisfied and paid by Kerman. Consequently defendant had no interest in it. It had nothing to do but dismiss its action and everything certainly was regular in every way, so far as it appears, and there was an abundance of cause for it to bring this suit and there is no evidence of malice or abuse of process and for

that reason we can do no other than to affirm the judgment of the common pleas court.