DYZAK, PLAINTIFF-APPELLANT, *v.* LEILA W. SAMMAN, A. K. A. MRS. GEORGE SAMMAN ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26388.   Decided June 27, 1963.

Messrs. *S. R. Greenfield* and *Milton Schulman*, for plaintiff-appellant.

Mr. *Samuel Boim*, for defendant-appellee, Leila W. Samman.

Messrs. *Falsgraf, Kundtz, Reidy & Shoup* and *Mr. John H. Wilharm, Jr.*, for defendant-appellee, Albert R. Wood.

SKEEL, C. J. This appeal comes to this court on questions of law from a judgment entered for the defendants on defend-

ants' revised motion to dismiss the action. The motion was granted by the trial court on the ground that the cause of action stated, claimed by the defendants to be one for slander of title of plaintiff's real property, had abated because of the plaintiff's death during the pendency of the action.

The plaintiff's amended petition recites that he, by a certificate of transfer of real estate executed by the Probate Court of Lorain County, became the owner in fee simple of a parcel of land described in the petition, which property is located in Cuyahoga County. The certificate of transfer was dated November 8, 1955. He alleges that when he became the owner of said property he had no knowledge of a purported uncancelled mortgage pretending to secure a written obligation in the sum of $4000.00. Plaintiff also alleges that from the date of plaintiff becoming the owner of said property in November of 1955 until November, 1959, no demand for payment was made upon the note executed by Roland T. Wood and made payable to the defendants, which obligation was secured by the mortgage now in controversy. The plaintiff first discovered the mortgage lien dated November 20, 1945, when a title search was made upon plaintiff's application for a loan of $35,000.00 filed with the Cuyahoga Savings Association in November, 1959. Notice was then given to the mortgagees to cancel and note the satisfaction of the mortgage of record since the mortgage debt had been paid before its due date in August, 1946. The defendants refused such request. The petition alleges that the conduct of the defendants in demanding full payment with interest, an amount of almost $8000.00, when they knew they had been fully paid, was willful and malicious and that they acted with intent to damage plaintiff's rights.

Plaintiff further alleges that in order to consummate the loan with the Cuyahoga Savings Association, he was compelled to leave with the association, as security against the lien of the mortgage, $8000.00 of the proceeds of the loan and that in consummating a sale of the property he was damaged in the sum of $15,000.00 which was the difference between what the true market value of the property was and its market value as affected by the lien of the mortgage of record which the defendants refused to satisfy after receiving payment in full in August

of 1946. The plaintiff also alleges that after he filed a declaratory action (July 20, 1960) seeking a declaration of his rights and to compel a satisfaction of the mortgage, the defendants then "knowing that their refusal to sign the satisfaction of the mortgage was malicious, wanton, willful, with disregard to plaintiff's rights and knowing that plaintiff finally had succeeded in obtaining proof that payment had been made many years ago on August 2, 1946, finally signed the satisfaction of the mortgage." An allegation seeking additional damage for attorney fees necessarily expended to protect plaintiff's rights because of the defendants' malicious, wanton and willful action is also set forth in the amended petition.

On August 9, 1962, defendant, Albert R. Wood, filed a demurrer to plaintiff's amended petition claiming the action to be one for slander of title. On August 30, 1962, defendant, Leila W. Samman, joined her co-defendant in his demurrer and adopted it as her own.

The questions of law set out in the brief of the defendants in support of the demurrer are three in number. The first is as to which statute of limitations is involved. The defendants assume that the action is one for slander of title and conclude that Section 2305.11, Revised Code, is therefore applicable. This section provides that in an action for slander the action must be brought within one year of the time the cause of action accrues.

The plaintiff's answer brief seems to agree that the action is one for slander of title. Counsel for plaintiff now, however, seeks to withdraw the statement in their brief dealing with defendants' demurrer and since such statement is not contained in a pleading, and being a conclusion of law, we hold that they may do so. The character of the action is one, therefore, which must be determined from the facts pleaded.

The second question put forward is, at what date did the cause of action accrue? The conclusion contended for by the defendants, without citing authority, is that the cause of action, if one is stated, accrued on the day plaintiff alleges that the mortgage was fully paid, to wit: August 2, 1946. This conclusion is countered by the plaintiff claiming that the cause of action did not accrue until defendants maliciously refused plain-

tiff's request to cancel the mortgage, which according to the petition was December 22, 1959.

The third contention is that since the cause of action accrued on August 2, 1946, this action, as is shown on the face of the petition, is barred by the statute of limitations, Section 2305.11, Revised Code. As indicated, the plaintiff challenges this claim by insisting that until the defendants maliciously, wantonly and willfully refused to accede to plaintiff's request to satisfy the lien of the mortgage no cause of action based on the facts pleaded was available to the plaintiff.

All of the questions of law presented by the demurrer were extensively briefed by the parties, but as is shown by the record no ruling was ever entered by the court.

While the demurrer was still pending, the defendants filed separate motions for summary judgment. One of said motions was filed on October 25, 1962, the other on October 31, 1962. The affidavit filed in support of the motion alleges that the plaintiff "is now deceased and this action has abated under Section 2311.21, Revised Code * * *." The plaintiff died October 18, 1962, and his executrix appointed by the Lorain County Probate Court was substituted and the action revived in her name as executrix on January 9, 1963. There can be no question that by the provisions of this section an action for libel or slander does not survive the death of the plaintiff. The court in ruling on the motion for summary judgment held that it would be considered as a "motion to dismiss rather than a motion for summary judgment * * *" and by journal entry dismissed plaintiff's action on the ground that it had been abated because of the death of the plaintiff.

The question of the character of the action must therefore be determined. In the case of *Buehrer* v. *Provident Mutual Life Insurance Co.*, 123 Ohio St., 264, 175 N. E., 25, the action was in partition. The Provident Mutual Insurance Company filed an answer setting forth its mortgage, asking foreclosure. The plaintiff, Buehrer, then filed a cross-petition to the answer of the insurance company which was challenged by demurrer. The cross-petition was based on an alleged slander of title by the insurance company in demanding in another action, seeking foreclosure of the same property by its cross-petition, interest

that had been paid and demanding full payment of the debt on such false claim of default. The said Buehrer alleged in his cross-petition that there had been no default of the payment of interest and the mortgage conditions had not been broken. He also alleged that the allegations of the insurance company were published in newspapers of wide circulation whereby his credit was injured. The demurrer was sustained, and the plaintiff not desiring to plead further judgment was entered for the insurance company. The Supreme Court held that an action for slander of title came within the one year limitation of Section 11225, General Code (now Section 2305.11, Revised Code) and that the action for slander of title is not an action for trespassing on real property and is not controlled by the four year statute of limitations under Section 11224, General Code (now Section 2305.09 [A], Revised Code), and on page 268 of the opinion the court said:

"The claim that the cause of action arose upon a contract or its breach has no legal merit. The cause of action is based, not upon the mortgage contract but upon a tort committed after its execution; upon the tortious statements of the insurance company. The special damages sought were grounded upon the defamatory allegations touching the plaintiff's title; had such allegations not been made, the plaintiff would have no cause of action."

This case, which is completely distinguishable from the case now being considered, is the only available authority for the conclusion reached by the trial court that plaintiff's amended petition seeks recovery on the theory of slander of title. In the *Buehrer case, supra,* the insurance company made charges that were alleged to affect the property owner's credit in not having met his financial obligations. No such fact is even suggested in the case here considered. Here, the facts as alleged in the amended petition are that the title to the property had been transferred to the defendants as security for a loan or debt, and that the debt was paid before the due date by the mortgagor. The facts pleaded would indicate that the mortgagor did not receive a satisfaction of the mortgage, but if he did it is certain that he did not file the satisfaction in Cuyahoga County so that the mortgage lien was still of record when the request was made upon the defendants to furnish plaintiff

with a proper satisfaction. The pleading charges that the defendants maliciously and wantonly demanded repayment with interest from 1945 until they discovered that plaintiff would be able to establish that the original mortgagor had paid the debt, secured by such mortgage, in full. They, thereupon, without going to trial on the issues in the declaratory judgment action furnished a proper satisfaction of the mortgage. These allegations set out a cause of action in tort in intentionally and wrongfully attempting to force the plaintiff to repay a debt which had been secured, until paid, by the mortgage in question. The tortious act consisted of seeking to force the payment of money not due in exchange for the satisfaction of the mortgage, in violation of their duty under the terms of the mortgage. In the case of *Cotofan* v. *Steiner*, 170 Ohio St., 163, 163 N. E. (2d), 759, the Supreme Court had for consideration facts very similar to those in the case at bar. The plaintiff in the *Cotofan case*, a mortgagor, requested the mortgagee to accept full payment of the mortgage debt and to deliver a satisfaction of the mortgage so that the mortgagor could consummate a certain real estate transaction. The note secured by the mortgage was payable in monthly installments of $300.00 or more, thus authorizing the mortgagor to pay off the mortgage debt at or on any monthly payment date. The mortgagee refused to accept payment and satisfy the mortgage. The Supreme Court in describing the action said:

"In the common pleas court the plaintiff filed a petition seeking the recovery of compensatory and exemplary damages from the defendant by reason of the latter's allegedly malicious, wanton and reckless misconduct in refusing to accept full payment and execute a proper satisfaction of a mortgage debt which the plaintiff desired to discharge in order to accomplish a certain real estate transaction."

The first paragraph of the syllabus provides:

"A cause of action exists on behalf of a damaged mortgagor when, in conformity with the terms of his note, he offers to the mortgagee full payment of the balance of the principal and interest, and the mortgagee refuses to present the note and mortgage for payment and cancellation."

The court, on page 165 of the opinion, cites 59 Corpus Juris Secundum, 746, Section 474, where it is provided:

"A right of action exists when the debt secured has been paid in full or tendered or all other legal conditions have been fulfilled and plaintiff is entitled to the release or satisfaction demanded or refused."

The court holds that in some states the obligation to satisfy a mortgage when all of the obligations of the mortgagor are met is provided for by statute. The court also said that in Ohio no such statute has yet been enacted. On the authority of *Dunitz* v. *Satovsky*, 243 Mich., 423, 220 N. W., 717, and *Rosedofsky* v. *Corosa*, 93 N. H., 394, 42 A. (2d), 740, mortgagees are required under the common law to reconvey title transferred by mortgage or release the lien of the mortgage when the obligations secured have been discharged, and to refuse to do so constitutes an actionable tort permitting the mortgagor to recover all damages proximately resulting from such wrongful act.

In the *Dunitz case, supra*, the syllabus in part provides:

"Where it was necessary for plaintiffs to appeal to a court of equity to compel a reconveyance of their property after they had paid the secured debt, the court properly retained jurisdiction to determine their claim for damages for refusal to reconvey.

"* * *

"Plaintiffs, who lost a sale of their property by reason of defendants' wrongful refusal to reconvey, are entitled to damages therefor * * *."

In the opinion of the same case it was observed in part:

"Independent of statute, the plaintiffs had an action at law for the recovery of damages which followed from the refusal to reconvey. * * *

"* * *

"The plaintiffs are entitled to such damages as naturally followed from the wrongful act of the defendants in withholding a reconveyance."

In the *Rosedofsky case, supra*, the court said in the syyllabus:

"A mortgagee upon being tendered payment by check of an insurance company for the loss of the insured mortgaged property damaged by fire, where the mortgage provided that payment should be made to the mortgagee as his interest might

appear, must, except for reasonable cause, endorse such check, discharge the mortgage, and make an accounting to the mortgagor.

"In such case the mortgagee has no reasonable cause to refuse to endorse the check merely because the mortgagor declines to pay money to a third party he does not owe; and where the mortgagee's failure to so endorse the check and discharge the mortgage results in damage to the mortgagor, he is entitled to recover."

The Supreme Court in the *Cotofan case, supra,* concludes by stating:

"Hence in the instant case with the well pleaded allegations of the plaintiffs' petition accepted as true, as must be done on the defendant's demurrer thereto, it is clear that the plaintiffs have stated a cause of action."

It is not suggested in any of the cases cited that the actions considered were for slander of title. To the contrary, they are actions in tort for damage to property or property rights purposely, maliciously, and wantonly done. Section 2305.09, Revised Code, is the statute of limitations applicable to such actions and Section 2311.21, Revised Code, declares that such actions survive the death of the plaintiff. The provisions of these statutes are applicable to the cause of action here stated. The plaintiff should have been afforded his day in court on the cause of action stated in the amended petition.

One other question must be considered. The plaintiff tendered a second amended petition which the court refused to consider. The petition was offered before the defendants or any of them had filed their answers. Section 2309.55, Revised Code, provides:

"At any time before the answer is filed a plaintiff may amend his petition without leave or prejudice to the proceedings. Notice of such amendment shall be served upon the defendant or his attorney. The defendant shall have the same time to answer or demur thereto as to the original petition."

The court was in error in refusing plaintiff permission to file such second amended petition.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded with instructions to overrule the motion considered as a motion to dismiss the

proceedings and to overrule the demurrers of the defendants, and for further proceedings according to law not inconsistent with this opinion.

Exceptions. Order see journal.

HURD and SILBERT, JJ., concur.