MICHAELS BUILDING COMPANY, APPELLANT, *v.* CARDINAL FEDERAL SAVINGS AND LOAN BANK ET AL., APPELLEES.

(No. 54377—Decided October 20, 1988.)

*Ulmer & Berne* and *Dale A. Bernard,* for appellant.

*Hahn, Loeser & Parks, John A. Hallbauer* and *Duane J. Deskins,* for appellees.

KRUPANSKY, J. On March 27, 1987 plaintiff Michaels Building Company filed suit in Cuyahoga County Common Pleas Court case No. 126766 against Cardinal Federal Savings and Loan Bank ("Cardinal"), six named present and prior agents and/or employees of Cardinal and thirty John Doe defendants. The suit is nominated a class action suit for recovery of damages based upon (1) breach of contract, (2) breach of duty of fair dealing and good faith, (3) collection of punitive and unconscionable charges, (4) fraud and (5) slander of title. However, plaintiff failed to certify a class; therefore, the action never became a class action.

Defendants filed a joint motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The trial court granted defendants' motion to dismiss holding the Cuyahoga County Common Pleas Court lacked jurisdiction. The trial court's judgment was journalized July 28, 1987. Plaintiff timely filed notice of appeal in the Eighth District Court of Appeals assigning one error.

Plaintiff's sole assignment of error follows:

"The trial court erred in dismissing the slander of title claim when (1) it was not a claim that should have been raised in any other action; and (2) it is not apparent whether it was in fact actually and validly raised in any other action."

Plaintiff's assignment of error lacks merit.

Plaintiff argues the trial court erred in dismissing the slander of title claim contained in count eight of plaintiff's complaint. Plaintiff's argument is unpersuasive. The trial court found as a basis for dismissing plaintiff's complaint that plaintiff's claims have been or should have been previously filed as defenses and counterclaims in pending litigation in Summit County.

The record before the trial court *sub judice* reveals Cardinal made two mortgage loans to plaintiff secured by two commercial properties in Summit County. On March 7, 1984 Cardinal commenced two separate actions against plaintiff in the Summit County Court of Common Pleas to foreclose on Cardinal's mortgage liens.

The promissory note on one of the properties, an office and retail building located in Akron and known as the "Law and Commerce Building," contained cognovit provisions in which plaintiff and five guarantors of the promissory note expressly waived all defenses and stays of execution. Accordingly, the Summit County court entered a cognovit judgment against plaintiff and the guarantors with respect to the Law and Commerce Building suit on March 7, 1984. On May 18, 1984 plaintiff and the five guarantors filed an answer and counterclaim attacking Cardinal's claim and right to judgment with respect to the Law and Commerce Building suit, claiming Cardinal's lien was invalid and alleging compensatory and punitive damages, attorney fees and costs. On June 5, 1984, plaintiff moved the Summit County court for an order vacating the cognovit judgment. This motion was subsequently denied. On April 18, 1986 the Summit County court granted Cardinal's motion for summary judgment and foreclosure. Plaintiff appealed to the Ohio Court of Appeals for the Ninth Judicial District.

Cardinal's second suit in Summit County involved a mortgage and promissory note with the same five guarantors on a property known as the "Northampton Square Shopping Center" and located in Cuyahoga Falls, Ohio. The promissory note on

the Northampton Square Shopping Center did not contain cognovit provisions. On May 18, 1984 plaintiff and the five guarantors filed an answer, a counterclaim and a third-party complaint against Cardinal's officers. These pleadings contained class action allegations and alleged RICO violations, fraud and conspiracy. On March 3, 1987 the Summit County Common Pleas Court granted summary judgment in favor of Cardinal as to liability but found damages to be a disputed issue of material fact. On March 27, 1987 plaintiff and the five guarantors filed an amended answer and counterclaim in the Northampton suit pending in Summit County alleging slander of title. On that same date plaintiff filed the present action in Cuyahoga County Common Pleas Court, its action for slander of title against defendants which involves both the Law and Commerce Building property and the Northampton Square Shopping Center property.

In addition, on May 7, 1984 plaintiff had filed a separate action in Summit County Common Pleas Court against Cardinal, the city of Akron and various other defendants alleging inverse condemnation, slander of title, interference with business relations and restraint of trade. Plaintiff in that case alleged the default of its loans and foreclosure of its properties was the result of an attempt by the city of Akron to take plaintiff's properties without just compensation. On March 12, 1986 the Summit County court found for Cardinal and the other defendants in that case. An appeal is pending with respect to that judgment in the Ninth District Court of Appeals.

"As between courts of concurrent jurisdiction, the one whose power is *first invoked* by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the *whole issue* and to settle the rights of the parties.

"When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is *completely and finally disposed* of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." (Emphasis added.) *John Weenink & Sons Co.* v. *Court of Common Pleas of Cuyahoga Cty.* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E. 2d 730, paragraphs two and three of syllabus.

In the case *sub judice* it is undisputed both the Summit County and Cuyahoga County Courts of Common Pleas have concurrent jurisdiction. It is also undisputed that three cases involving the property *sub judice* were filed in the Summit County Court of Common Pleas either by plaintiff or Cardinal, prior to plaintiff filing suit in Cuyahoga County. Additionally, all three suits were either pending in the trial court in Summit County or on appeal in the Ninth Judicial District Court of Appeals at the time suit was filed in Cuyahoga County.

The issue *sub judice* becomes whether both the Summit County cases and the case *sub judice* involve the same "whole issue" or matter. The principle behind the decision in *Weenink, supra,* is one of comity between courts of concurrent jurisdiction. Once suit is commenced in one jurisdiction a second jurisdiction may not interfere with the resolution of the issue filed in the first jurisdiction.

In *Weenink, supra,* the Supreme Court affirmed a writ of prohibition granted by the Cuyahoga County Court of Appeals prohibiting the Cuyahoga County Court of Common Pleas from exercising jurisdiction over a declaratory judgment action declaring the rights of the parties to monies being held by the city of Cleveland. The suit arose over a dispute concerning

money received as revenue from a rodeo staged at premises owned by the city of Cleveland. Pursuant to a contract with the promoter the city was to hold all money and disburse remaining revenues to the promoter once all the city's costs had been paid from the revenue. Prior to the city having filed the declaratory judgment action several of the creditors of the promoter had filed several separate suits in Cleveland Municipal Court in an attempt to collect money owed and unpaid as a result of the rodeo exhibition. The city of Cleveland was named as garnishee in many of these suits. The city answered denying it had any money in its possession owed to the creditors. Although the relief sought in the common pleas court was a declaratory judgment, the Supreme Court held the cases involved the same subject matter and the exercise of jurisdiction by the common pleas court would constitute an interference with the authority of the municipal court to resolve the issues pending before the municipal court. See, also, *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279, 4 O.O. 3d 445, 364 N.E. 2d 33.

Furthermore, the Supreme Court has held when a divorce case is filed in two different jurisdictions a writ of prohibition lies to prevent the second court from exercising jurisdiction. See, *e.g., Miller* v. *Court of Common Pleas of Cuyahoga Cty.* (1944), 143 Ohio St. 68, 28 O.O. 19, 54 N.E. 2d 130; *State, ex rel. Gelman,* v. *Common Pleas Court of Cuyahoga Cty.* (1961), 172 Ohio St. 70, 15 O.O. 2d 131, 173 N.E. 2d 343. Additionally, the Supreme Court has granted a writ of prohibition to prevent the Summit County Court of Common Pleas from exercising jurisdiction in a case when a party had filed suit in Cuyahoga County Common Pleas Court seeking injunctive relief prohibiting an employer from interfering with picketing at the employer's premises and the employer had subsequently filed suit in Summit County seeking injunctive relief to prohibit or restrict the picketing. See *State, ex rel. Racing Guild of Ohio,* v. *Morgan* (1985), 17 Ohio St. 3d 54, 17 OBR 45, 476 N.E. 2d 1060.

Based upon these authorities, the determination of whether two cases concern the same "whole issue" or matter is a two-step analysis. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced.

The principal parties in the case *sub judice* (*i.e.,* Cardinal and plaintiff Michaels Building Company) are also parties involved in three cases pending in Summit County. Thus, the first step of the analysis is satisfied. The question therefore becomes whether the ruling in the case *sub judice* would affect or interfere with the resolution of the issues in the cases pending in Summit County.

The case *sub judice* involves a cause of action for slander of title arising as the result of foreclosure proceedings initiated and still pending in Summit County. There is little authority regarding the elements of slander of title. However, succinctly stated a slander of title action is an action in tort and may be predicated upon published and untruthful allegations by a mortgagee that a mortgagor is in default of a mortgage and the mortgagee is seeking foreclosure. The action is predicated upon the tortious statements of the mortgagee and is one of defamation. See *Buehrer* v. *Provident Mut. Life Ins. Co.* (1931), 123 Ohio St. 264, 175 N.E. 25; *Dyzak* v. *Samman* (1963), 119 Ohio App. 469, 92

Ohio Law Abs. 262, 24 O.O. 2d 221, 191 N.E. 2d 572.

Plaintiff has alleged slander of title in two of the three Summit County cases. All three Summit County cases involve the properties involved in the case *sub judice* and their foreclosure. All three cases were commenced in 1984 prior to the case *sub judice*. Resolution of the slander of title suit by the Cuyahoga County court may interfere with or affect the resolution of the Summit County cases. Therefore, since the Cuyahoga County Court of Common Pleas may not interfere with the proceedings in Summit County, the Summit County court has acquired exclusive jurisdiction to adjudicate the entire matter and settle the rights of the parties until such time as those Summit County cases are concluded.

Furthermore, although the trial court exclusively based its dismissal of the case *sub judice* on jurisdictional grounds, there exists an equally valid and independent reason for dismissing the portion of the case which deals with the Law and Commerce Building property. The Law and Commerce Building foreclosure involved a cognovit note and the judgment of the Summit County Court of Common Pleas now on appeal was a cognovit judgment. No cause of action exists in Ohio for slander of title based upon a cognovit note reduced to judgment. *Treshansky* v. *Northern Ohio Lumber Co.* (App. 1929), 7 Ohio Law Abs. 646. The *Treshansky* holding is consistent with the holding in *Buehrer, supra*. In *Buehrer, supra,* the Ohio Supreme Court held a party is absolutely privileged or immune from suit for defamatory statements set forth in judicial pleadings, which concern a mortgage debt. Therefore, in this respect plaintiff failed to set forth a claim upon which relief can be granted and the portion of plaintiff's case which concerns the Law and Commerce Building could have been dismissed pursuant to Civ. R. 12(B)(6)[1] for failure to state a claim upon which relief can be granted.

Accordingly, plaintiff's sole assignment of error is not well-taken and is overruled.

*Judgment affirmed.*

PRYATEL, C.J., and J.V. CORRIGAN, J., concur.

---

[1] Civ. R. 12(B)(6) provides:

"(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."