**NOZIK et al., Appellants,**

v.

**SANSON et al., Appellees.**

[Cite as *Nozik v. Sanson* (1995), 104 Ohio App.3d 671.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68150.

Decided June 19, 1995.

*Albert C. Nozik, pro se.*

*Jerome M. Ellerin Co., L.P.A.,* and *Jerome M. Ellerin,* for appellees.

*Per Curiam.*

Appellant's assignment of error is overruled. The trial court properly dismissed the complaint for failure to state a claim upon which relief could be granted. Civ.R. 12(B)(6). The filing of a judgment lien cannot constitute slander of title. A matter published in a judicial proceeding, with some reasonable

relation to the proceeding, is privileged, even if it is untrue. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 25 OBR 288, 495 N.E.2d 939. There is no authority establishing an exception to the judicial proceeding privilege for judgment liens. See *Stern v. Whitlatch & Co.* (1993), 91 Ohio App.3d 32, 37, 631 N.E.2d 680, 682. It has been held that obtaining judgment on a cognovit note which creates a lien upon land is privileged from defamation actions. *Michaels Bldg. Co. v. Cardinal Fed. S. & L.* (1988), 54 Ohio App.3d 180, 184, 561 N.E.2d 1015, 1019; *Treshansky v. N. Ohio Lumber Co.* (App.1929), 7 Ohio Law Abs. 646, 30 Ohio Law Rep. 373. Other states have held that the privilege applies to filing a lien in the course of a judicial proceeding. *Wilton v. Mountain Wood Homeowners Assn.* (1993), 18 Cal.App.4th 565, 22 Cal.Rptr.2d 471; see 50 American Jurisprudence 2d (1995) 851–852, Libel & Slander, Section 558. Therefore, we hold that an absolute privilege prevents a cause of action for slander of title for filing a judgment lien.

Nothing in the record indicates that the trial court considered the documents attached to appellee's motion to dismiss. The trial court could not consider these documents because it did not notify the parties it was converting the Civ.R. 12(B)(6) motion to a motion for summary judgment. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 563 N.E.2d 713. The trial court correctly dismissed the case based on the failure of the complaint to state a claim for relief.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NUGENT, P.J., NAHRA and O'DONNELL, JJ., concur.