DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendants-appellants, Mark and Diane Rehs, appeal from the Civ.R. 12(B)(6) dismissal of their slander of title counterclaim by the Summit County Court of Common Pleas. We affirm.
Mr. and Mrs. Rehs hired a general contractor to build a two-story addition to their home for $34,200. The plaintiff-appellee, Smith Electric Service, Inc., was one of the subcontractors that the general contractor hired for the construction project. On November 7, 1993, prior to the completion of the project, the general contractor abandoned the construction site and never returned to complete the contract. At that time, the Rehs had paid the contractor a total of approximately $22,000, leaving a balance of about $12,500 that was not paid to the general contractor. The Rehs had to hire various other subcontractors to complete the addition. They claimed that this cost them $14,500.
Smith Electric was never paid by the general contractor for the labor and materials it provided to the Rehs residence. On January 11, 1994, Smith Electric filed a mechanic's lien on the Rehs' property. The following year, on April 21, 1995, the Rehs' served Smith Electric with a Notice to Commence Suit. At that point, Smith Electric had the option to commence suit, or the mechanic's lien would become invalid. Smith Electric chose to file a lawsuit to seek foreclosure on its mechanic's lien in the amount of $2,808.81, or in the alternative, recovery under the theory of unjust enrichment against the Rehs. On August 3, 1995, the Rehs filed an answer and a counterclaim against Smith Electric. The counterclaim included a cause of action against Smith Electric based on slander of title, as well as a claim for emotional distress.
Smith Electric filed a Civ.R. 12(B)(6) motion to dismiss the Rehs' counterclaim, stating that the claim was barred by the statute of limitations and that the defendants had not provided any evidence of special damages. The trial court dismissed the counterclaim, finding that the slander of title claim was barred because the Rehs had failed to file within the one-year statute of limitations from the time the mechanic's lien was filed.
The Rehs timely appeal, raising the following assignment of error:
ASSIGNMENT OF ERROR
 The lower court erred in dismissing the Rehs' counterclaim pursuant to Civil Rule 12(B)(6) on the basis of the application of the Statute of Limitations.
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. In reviewing such a motion to dismiss, a court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. Since only legal issues are presented, an entry of a dismissal on the pleadings is reviewed de novo. Plazzo v.Nationwide Mut. Ins. Co. (June 24, 1992), Summit App. No. 15370, unreported, at 3.
A slander of title action is a defamation action in tort against one who falsely and maliciously defames the property of another. See Consum. Food Indus., Inc. v. Fowkes (1991), 81 Ohio App.3d 63,72; Michaels Bldg. Co. v. Cardinal Fed. S. L. Bank
(1988), 54 Ohio App.3d 180, 183. To prove a claim of slander of title, the property holder is required to show that a false statement was made, which was published maliciously, and which resulted in a special pecuniary loss to the property holder. SeeChilders v. Commerce Mortgage Investments (1989), 63 Ohio App.3d 389,392. The wrongful filing for the record of a document which casts a cloud upon another's title to or interest in realty is considered to be an act of publication which gives rise to an action for slander of title. Karpantry v. Kaplan (Sept. 12, 1986), Lucas App. No. L-85-331, unreported, 1986 Ohio App. LEXIS 8378, at *11.
To discern whether a slander of title claim is barred by the statute of limitations, we look to R.C. 2305.11(A), which states than an action for slander (which includes slander of title) must commence within one year after the cause of action accrues.Wendover Property Owners v. Kornicks (1985), 28 Ohio App.3d 101,103. See Buehrer v. Provident Mut. Life Ins. Co. (1931), 123 Ohio St. 264, paragraph one of the syllabus. The statute of limitations in a slander of title actions runs "* * * from the time the alleged offending document * * * is filed with the recorder."Hatfield v. The Orville Savings Bank (Dec. 28, 1988), Summit App. No. 13645, unreported, at 5. See Wendonover Property Ownersv. Kornicks, 28 Ohio App.3d at 103. The cause of action for slander of title accrues when the right to prosecute begins, i.e., at the time the public notice was filed, not when the offended party makes the discovery. Wendover Property Owners, supra.
The Rehs argue that the cause of action for slander of title did not accrue until June 20, 1995, when Smith Electric filed its lawsuit. The earliest the Rehs will concede that a cause of action accrued was on April 24, 1995, at which time Smith Electric was served with the notice to commence suit and was given the option to go forward with the action or the lien would become invalid. The Rehs contend that the owner of property is not injured until a lien claimant decides to file a lawsuit.
It is well-established that slander of title occurs at the time the offending document is filed with the recorder. See,e.g., Wendover Property Owners, supra; Hatfield v. the OrvilleSavings Bank, supra. See, also, Doyle Walters Distributors, Inc.v. Marathon Petroleum Co. (Sept. 29, 1992), Richland App. No. 92-CA-2, unreported, 1992 Ohio App. LEXIS 5336, *7; Cardinal Fed.S. L. Assoc. v. Michaels Bldg. Co. (May 8, 1991), Summit App. No. 14521, unreported, at 27. Although the full extent of the damages may not be fully known until later, the actual tort occurs when the party falsely and maliciously defames the property of another. The Rehs had the right to prosecute the alleged slander of title claim as of January 11, 1994, when the mechanic's lien was first filed. They did not bring their claim until August 3, 1995, well beyond the one-year statute of limitations. The trial court did not err in finding that the Rehs' claim was time-barred.
The Rehs' contention that this case is distinguishable fromHatfield because it involves a mechanic's lien and not a mortgage lien is also without merit. A mechanic's lien which falsely and maliciously casts a cloud upon a title may give rise to a cause of action for slander of title. See Stern v. Whitlatch Co. (1993),91 Ohio App.3d 32, 35.
Finally, the Rehs attempt to argue that they are entitled to bring their claim for slander of title under the defense of recoupment, because defenses generally are not barred by statutes of limitation. We do not find any merit in this argument because the Rehs' counterclaim was not a defense to Smith Electric's action.
Recoupment is a defense which arises out of the same transaction as the plaintiff's claim and entitles the defendant to reduce the amount demanded, but only to the extent sufficient to satisfy the plaintiff's claim. Riley v. Montgomery (1984),11 Ohio St.3d 75, 77. A claim of a defendant which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense, or under the common-law theory of recoupment. Id. However, this rule applies only in the case of strict defenses. Id. See Summers v. Connolly
(1953), 159 Ohio St. 396, paragraph one of the syllabus. A defendant's counterclaim which is not a "true" or "pure" defense is regarded as an affirmative action and is subject to the operation of the statute of limitations. Id. at 403. See, also,Riverside Methodist Hosp. Assn. v. Guthrie (1982), 3 Ohio App.3d 308,311; Cauffiel Machinery Co. v. Eastern Steel Metal Co.
(1978), 59 Ohio App.2d 1, 5-6.
In the case before us, it is clear that the Rehs' counterclaim is not a defense, but is a separate, affirmative action for slander of title with parasitic emotional distress. The counterclaim seeks money damages of $10,000, which is far in excess of an offset of the plaintiff's prayer for relief. Furthermore, this slander of title action cannot be construed as a defense because one of the essential elements necessary to a slander of title action is that the plaintiff's action against the title must be false, unjustified, and malicious. If the court were to find that to be the case, then Smith Electric's claim would necessarily fail and Smith Electric would not be entitled to any award. There would then not be any need for set-off or recoupment. Recoupment is available only when it is offered to reduce the plaintiff's right to relief, such as where the defendant has been so damaged in the transaction that the plaintiff should not be entitled to recover. See, e.g., Riley v.Montgomery, 11 Ohio St.3d at 77-78 (maintaining that defendants would be permitted to assert claims of negligent performance and breach of fiduciary duty under a recoupment theory in defense to the plaintiff's attempts to collect the unpaid balance on a note);Monastra v. D'Amore (1996), 111 Ohio App.3d 296, 306 (legal malpractice counterclaim may be relevant as a defense to plaintiff's claim for attorney fees and would not be barred as a recoupment or setoff). The Rehs are not attempting to reduce Smith Electric's claim for relief, but are asserting a separate claim for damages in tort.
The Rehs' claim for slander of title is an affirmative counterclaim which is barred by the one-year statute of limitations; it is not a strict defense that would entitle the Rehs' to recoupment. The assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J., J.
BAIRD, J.
CONCUR