OPINION
{¶ 1} Appellant, Betty B. Langaa, appeals from a final judgment of the Geauga County Court of Common Pleas dismissing her complaint against appellees, Jean R. Pauer ("Pauer") and Daniel T. Pauer. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} On August 17, 2001, appellant, in her capacity as trustee for the Langaa Family Revocable Living Trust ("the trust"), filed a complaint against appellees in which she alleged that for the last three years, the couple had "recklessly, intentionally, willfully, and unlawfully trespassed upon the Langaa Trust Property, such trespassing culminating in the unlawful cutting and removing of trees and permitting the runoff of waste and septic water from the Pauer land onto the Langaa Trust Property." Appellant also claimed that appellees had interfered with the sale of the trust property through harassment and intimidation and that they "intended to seize the Langaa Trust Property for their own personal gain and advantage therein attempting to deny the lawful owner of the right of ownership."
{¶ 3} In response, Pauer filed a motion pursuant to Civ.R. 12(B) entitled "Motion To Transfer To Cuyahoga County Court of Common Pleas[,]" in which she asked the trial court to either "transfer or dismiss [appellant's complaint] with prejudice * * *" as another court of concurrent jurisdiction already had exclusive jurisdiction over the subject matter of the complaint. As support, Pauer maintained that on April 26, 2001, she filed a complaint against appellant in the Cuyahoga County Court of Common Pleas. Appellant responded by filing an answer that included a counterclaim against Jean Pauer for damages to trust property. According to Pauer, appellant later filed a cross-claim against Daniel Pauer as a new party defendant that consisted of the same claims. As a result, because appellant was essentially asserting the same causes of action in her complaint in the Geauga County court, Pauer argued that the Geauga County court did not have subject matter jurisdiction. Daniel Pauer filed a similar motion on October 26, 2001.
{¶ 4} Appellant filed a brief in opposition, arguing that the Cuyahoga County and Geauga County cases were materially different because they did not involve the same parties. Specifically, appellant maintained that Pauer's complaint did not claim appellant had been acting in her capacity as trustee. Instead, the complaint alleged that appellant, as an individual, committed tortious acts damaging Pauer's interest in property adjacent to that of the trust. Accordingly, as appellant's complaint was brought on behalf of the trust rather than on her own, appellant contended that there were no common issues to decide.
{¶ 5} After considering the parties' arguments, the Geauga County court issued a judgment entry on November 19, 2001, dismissing appellant's complaint. The court concluded that "[a]ll of the matters raised in the above-captioned matter have already or should have been raised in the Cuyahoga County action. Although the caption of the Cuyahoga County case does not identify [appellant] as Trustee, the very first paragraph of the Complaint refers to her as trustee."
{¶ 6} From this decision, appellant filed a timely notice of appeal with this court. She now argues under her sole assignment of error that the Geauga County court erred in dismissing her complaint because venue is not proper in Cuyahoga County, and even if it were, the appropriate course of action would have been to transfer the case rather than dismiss it with prejudice. Furthermore, appellant submits that the Geauga County court should not have dismissed the case because appellees never asked for such relief; rather, their motions simply asked to have the case transferred.
{¶ 7} Before proceeding to the merits of appellant's appeal, we note that her arguments concerning venue are not properly before this court because they were not raised below. Accordingly, we will not consider them for the first time on appeal. Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 WL 1774136, at 2.[1]
{¶ 8} Essentially, the Geauga County court determined that the Cuyahoga County court had jurisdictional priority over the issues presented in appellant's complaint because Pauer had filed her complaint in Cuyahoga County first. We agree.
{¶ 9} The jurisdictional priority rule provides that as between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction over a matter retains exclusive jurisdiction until the matter is completely adjudicated. State ex rel.Shimko v. McMonagle, 92 Ohio St.3d 426, 429, 2001-Ohio-301; In reStojkov, 11th Dist. Nos. 2001-T-0114 and 2001-T-0115, 2002-Ohio-631, 2002 Ohio App. LEXIS 585, at 2. Generally speaking, "the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." McMonagle at 429.
{¶ 10} Having said that, however, the rule may apply even if the causes of actions and requested relief are not identical. State ex rel.Sellers v. Gerken, 72 Ohio St.3d 115, 117, 1995-Ohio-247. That is, if the claims in both cases are such that each of the actions "comprises part of the `whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked[,]" the jurisdictional priority rule may be applicable. State ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, 56. To determine whether two cases involve the "whole issue" or matter requires a two-step analysis: "First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." Michaels Bldg. Co. v. Cardinal Fed. S. L. Bank (1988),54 Ohio App.3d 180, 183.
{¶ 11} As we noted above, appellant does not believe that the jurisdictional priority rule applies here as the parties and the causes of action in the Geauga County case are different from those in the Cuyahoga County case. In particular, appellant maintains that the trust specifically provides that only the designated trustee, appellant, is empowered to maintain a cause of action for damage or waste to the trust property. Thus, because the complaint filed by Pauer in Cuyahoga County is against her individually, appellant argues that she was required to file a separate lawsuit in her capacity as trustee to protect the trust property.
{¶ 12} Appellant is correct that her role as an individual defendant is separate and distinct from her position as trustee. However, that does not mean she is unable to assume both roles in the same lawsuit. The jurisdictional priority rule does not require both actions have identical parties. "Rather, the identity-of-parties requirement is satisfied as long as the claim or matter sought to be precluded in the second action is between the same parties." CrestmontCleveland Partnership v. Ohio Dept. of Health (Sept. 9, 1999), 10th Dist. No. 98AP-1272, 1999 Ohio App. LEXIS 4175, at 11 (holding that the jurisdictional priority rule applies even if the first action involved parties not named in the second action). Here, the question of what, if any, damage appellees caused to the trust property involves the same parties in both cases. Therefore, we conclude that the identity-of-parties requirement is satisfied.
{¶ 13} As for the second requirement, whether a ruling by the Geauga County court would affect or interfere with the resolution of the issues for the Cuyahoga County court, we conclude that the issues are sufficiently identical to require application of the jurisdictional priority rule. Clearly, appellant is seeking compensation for damages to the trust property in both cases. Accordingly, it would be impractical and ultimately unnecessary to allow two different courts to rule on the parties' claims when essentially the same evidence would be introduced in both cases. If that were to occur, it could create a situation where two courts or juries review the evidence and decide the same questions differently. This is precisely the problem that the jurisdictional priority rule is intended to prevent.
{¶ 14} Furthermore, pursuant to Civ.R. 13(A), which governs compulsory counterclaims, "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit * * *, no matter which party initiates the action."Rettig Enterprises, Inc. v. Koehler, 68 Ohio St.3d 274, 1994-Ohio-127, paragraph one of the syllabus. When determining whether claims arise out of the same action or occurrence, courts should utilize the "logical relation" test, which provides that "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts * * *." Id. at paragraph two of the syllabus.
{¶ 15} Here, the claims asserted by appellant in her Geauga County complaint are certainly related to and arose out of the same occurrence as Pauer's complaint in Cuyahoga County and appellant's counterclaim and cross-claim in the same case. In fact, the claims asserted by appellant are very similar to or restate those that are pending in Cuyahoga County. As a result, even if there were no jurisdictional questions, appellant's complaint could have been dismissed on the grounds that the asserted claims could have and should have been raised in the Cuyahoga County action.
{¶ 16} We also reject appellant's alternative argument that the Geauga County court should have transferred the case to Cuyahoga County rather than dismiss it. Civ.R. 3(C)(1) provides that a transfer of venue is authorized only if the case has been commenced in an improper venue. There is nothing in the record, however, that suggests Geauga County was an improper venue for appellant to file her complaint, and there is nothing in the Geauga County court's decision indicating that the court found that to be true. Rather, because Pauer filed her complaint in Cuyahoga County first, the Geauga County court concluded that is did not have jurisdiction to decide appellant's case.
{¶ 17} Finally, appellant argues that the Geauga County court should not have dismissed her complaint because appellees did not request such relief. A review of appellees' respective motions show that although titled as motions to transfer, they also asked the trial court to dismiss appellant's complaint. Moreover, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." McMonagle at 428-429. Thus, even if appellees had never asked the Geauga County court to dismiss appellant's complaint, the court was well within its authority make a jurisdictional determination.
{¶ 18} Based on the foregoing analysis, we hold that the Geauga County court properly dismissed appellant's complaint because the Cuyahoga County court had obtained jurisdiction first in this matter. Appellant's sole assignment of error has no merit. The judgment of the Geauga County court, therefore, is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] On June 6, 2001, appellant filed a motion with the Cuyahoga County court to change venue to Geauga County. The Cuyahoga County court, however, overruled this motion.