JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs Mark and Megan Adkins appeal from a judgment entered in favor of the defendants. They argue the court erred by dismissing their claims against two of the defendants, Jack Shirley and Michele Holbrook, by directing the verdict on their defamation claim in favor of the remaining defendants, and by preventing appellants from adducing testimony that a witness was pressured to testify untruthfully. We find no error in the proceedings below and affirm the trial court's judgment.
 Procedural History {¶ 2} The complaint in this case was filed April 5, 2005. It alleged that plaintiff Mark Adkins was employed by defendant DuPont Vespels Parts Shapes, Inc. beginning in 1995, most recently as the "cell leader" overseeing the Thermal Plastics "cell." Defendant Karen Haburt approached Adkins on January 9, 2003 and advised him not to report to work the following day pending an investigation. Adkins went to an emergency room where he received treatment for a "panic attack and/or a coronary incident." On Monday, January 13, 2003, Adkins was discharged from his employment.
 {¶ 3} According to the complaint, Adkins was investigated because of a comment he made to defendant Michele Holbrook. Defendants Haburt and Jack Shirley complained that this comment was sexually harassing and violated DuPont's "Respectful Work Environment Policy." Adkins' complaint claimed that he was *Page 4 
wrongfully discharged in violation of public policy, that DuPont was promissorily estopped from discharging him, that defendants' actions toward him caused him severe emotional distress, that defendants defamed him by falsely accusing him of violating company policy and harassing a coworker, that defendants conspired to provide false testimony in this case, and that defendants' conduct caused plaintiff Megan Adkins to suffer the loss of her husband's companionship.
 {¶ 4} DuPont and Haburt answered, denying the essential allegations of the complaint and asserting some seventeen affirmative defenses.
 {¶ 5} Defendants Holbrook and Shirley separately moved the court to dismiss the claims against them for failure to state a claim.[1]
Plaintiffs filed an untimely brief in opposition to these motions after Holbrook and Shirley moved the court to grant their motions as unopposed; it is not clear whether the court considered plaintiff's response before it granted Holbrook's and Shirley's motions and dismissed plaintiff's claims against them. *Page 5 
 {¶ 6} The case proceeded to trial on the claims against the remaining defendants. Before trial began, plaintiffs voluntarily dismissed their claims for wrongful discharge, promissory estoppel, and subornation of perjury. At the close of the plaintiff's case, the court granted defendants' motion for a directed verdict on the defamation claim. The jury returned a verdict in favor of the defendants on the claims of intentional infliction of emotional distress and loss of consortium.
 Law and Analysis {¶ 7} Appellants' first two assignments of error assert that the court erred by granting the motions to dismiss filed by defendants Shirley and Holbrook. "Our standard of review when presented with a motion to dismiss predicated on Civ.R. 12(B)(6) is well established. The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192. It must appear beyond doubt that plaintiff[s] can prove no set of facts entitling [them] to relief.O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus." Vail v. Plain Dealer Pub. Co., 72 Ohio St.3d 279, 280,1995 Ohio 187.
 {¶ 8} Although appellants generally challenge the court's order granting the motions to dismiss, the only claim against defendant Shirley which they specifically address here is the claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress appellant had to assert that *Page 6 
appellee intentionally or recklessly caused severe emotional distress through extreme and outrageous conduct. Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 374.
 {¶ 9} While appellants alleged that Shirley acted intentionally or recklessly and that his actions caused Adkins severe emotional distress, the complaint did not allege any conduct by Shirley which could be described as extreme and outrageous. The complaint claimed that Shirley "falsely accused Adkins of engaging in sexual harassment and violating DuPont's Respectful Work Environment Policy," "[d]espite knowingthat" the comments appellant made to Holbrook "were not made with anyanimus or ill-will." As a matter of law, we hold that it is not extreme or outrageous to report conduct which may violate company policy, even when the alleged infraction involved no ill will or animus.[2]
Therefore, the court did not err by dismissing appellants' claim of intentional infliction of emotional distress against Shirley.
 {¶ 10} Appellants also contend that the court erred by dismissing their claims of intentional infliction of emotional distress and defamation against Holbrook. The claim for intentional infliction of emotional distress was based on "[defendants' *Page 7 
conduct in `investigating' and terminating Adkins." The complaint does not allege that Holbrook participated in the investigation or termination. Therefore, the complaint did not state a claim for intentional infliction of emotional distress against her.
 {¶ 11} In their brief, appellants urge that they alleged a defamation claim against Holbrook arising out of statements Holbrook made during her deposition and statements that she made to colleagues. We are confined to a review of the allegations of the complaint. Paragraph 17 of the complaint contains the only allegation of a potentially defamatory statement by Holbrook: "After having several meetings with other supervisor, Ms. Holbrook intentionally lied at her deposition and stated that Mark Adkins published false rumors about her." Any alleged defamatory statement made during and relevant to litigation was absolutely privileged. Surace v. Wuliger (1986), 25 Ohio St.3d 229;Nozik v. Sanson (1995), 104 Ohio App.3d 671. Accordingly, the complaint did not state a defamation claim against Holbrook.
 {¶ 12} The third assigned error asserts that the court erred by preventing appellants from adducing evidence that a witness — Dennis Harvanec — was pressured to alter his intended trial testimony. Appellants claim that they attempted to obtain this testimony both through cross-examination of Ms. Haburt and through the direct testimony of Harvanec. Appellants claim that this testimony would have provided evidence of "bias and motive" relevant to their claim of intentional infliction of emotional distress. *Page 8 
 {¶ 13} With respect to appellants' cross-examination of Ms. Haburt, the court sustained defense objections to the following two questions:
 "Q. Did you meet with Dennis [Harvanec] last week?
 "* * *
 "Q. Has Dennis Harvanec told you that he was a witness to the comment Mark Adkins made to Michelle Holbrook, and he thought it was a good-natured icebreaker?"
Neither of these questions even remotely suggests that appellant was attempting to elicit a statement that Harvanec was pressured to change his testimony. Nor does Harvanec's own testimony suggest that he was pressured to change his testimony. While Harvanec readily reported that he felt uncomfortable and "pressured" in various meetings with Holbrook and Haburt, there is no indication that the pressure involved altering his testimony.
 {¶ 14} In any case, appellants do not argue that Harvanec altered his trial testimony as a result of the alleged pressure. Thus, this evidence was not offered to show that Harvanec was biased or had a motive to provide false testimony. Cf. Evid.R. 616(A). Therefore, we overrule the third assignment of error.
 {¶ 15} Appellants' final assignment of error asserts that the common pleas court erred by directing the verdict in favor of DuPont and Haburt on their defamation claim at the close of the plaintiff's case. We review this decision de novo, applying the same standard the trial court applied. Steppe v. K-Mart Stores (1999), *Page 9 136 Ohio App.3d 454, 463. The court may direct the verdict only if "after construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *." Civ.R. 50(A)(4).
 {¶ 16} In order to prove a claim for defamation, appellants had to present clear and convincing evidence that the defendants made a false statement concerning plaintiff which was defamatory in character, that this statement was published to a third party, that the publication caused injury to plaintiff, and that the defendants acted with the requisite degree of fault. Celebrezze v. Dayton Newspapers, Inc. (1988),41 Ohio App.3d 343, 347.
 {¶ 17} Appellants claim that DuPont and Haburt published a false statement about him by informing other workers at a plant-wide meeting that Adkins had been fired for harassment, including sexual harassment. Adkins points to no testimony in the record that the defendants actually made these statements. Rather, DuPont employees Eric Rath, Jerome Reed and Kurt Buehner testified that after Adkins was fired, DuPont called meetings on every shift at the plant, reported to the employees that someone had recently been terminated for violating the Respectful Work Environment Policy, and reviewed the policy with them. They assumed that the terminated employee was Adkins because he was the only employee who had been terminated recently. *Page 10 
 {¶ 18} Even if we were to agree that, though not explicitly stated, it was implicit that Adkins had been terminated for violating the Respectful Work Environment Policy, this statement was true.[3] While Adkins does not agree that his conduct violated company policy, he also does not claim that there was any other reason for his discharge. Even construing the evidence most strongly in Adkins' favor, Adkins did not demonstrate that the alleged implied statement was false, so the court properly directed the verdict for the defendants.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] They contended that the complaint did not allege any facts connecting Holbrook or Shirley to the wrongful discharge, promissory estoppel, intentional infliction of emotional distress or loss of consortium claims, and therefore these claims did not apply to them. Furthermore, these defendants asserted that the defamation claim was barred by the statute of limitations. They also claimed that the complaint did not allege a prima facie case of defamation because it did not identify any allegedly defamatory statement made by these defendants. Finally, these defendants argued that plaintiff's claim that they suborned perjury was not recognized under Ohio law.
[2] Appellant also points to the allegations in the complaint that Shirley participated in efforts to pressure a witness to give perjured testimony. However, the complaint alleged that this conduct occurred during litigation. Thus, it was not part of the "[defendants' conduct in Investigating' and terminating Adkins" which was allegedly the basis for appellant's claim for intentional infliction of emotional distress. In any case, these events necessarily occurred long after Adkins suffered chest pains, and therefore could not have any causal relationship to his alleged injuries.
[3] Adkins' claim here that defendants told his former co-workers that he was fired for harassment, including sexual harassment, is even more attenuated; we note that he did not make this assertion in arguing defendants' motion for a directed verdict in the trial court. While harassment and sexual harassment are kinds of conduct prohibited by the Respectful Work Environment Policy, they are certainly not the only kind of prohibited conduct. One could not infer the type of conduct for which appellant was terminated from the mere — implied — statement that he was terminated for violating the Respectful Work Environment Policy. *Page 1