Hart, J.
 

 The ultimate question in this case is: Did the Court of Common Pleas of Cuyahoga county have jurisdiction under the facts presented to it in the action pending therein for a declaratory judgment to temporarily restrain the relators herein from proceeding further in certain actions pending in the Municipal Court of Cleveland, until there is a determination of the action for a declaratory judgment?
 

 Some preliminary observations will be appropriate. The suit of Weenink, as plaintiff in its action in the Municipal Court of Cleveland, is one for a money judgment against the city itself and does not involve any question as to the right of the city to hold and control the rodeo funds in its hands under the terms of its contract with Diamond. The case of Chicago; as plaintiff in its action in the Municipal Court, was one for a money judgment for money claimed to be
 
 *354
 
 due it from Diamond, in which suit
 
 the
 
 city was named as garnishee and in which suit there was a finding that the city was indebted to the debtor of Chicago. There was a supplementary action against the city on such finding. There is no claim made that the Municipal Court did not have complete jurisdiction in those actions. On the other hand, the Court of Appeals prohibited the Common Pleas Court from ‘ ‘ exercising or attempting to exercise jurisdiction with respect to the matters, issues' and facts set forth in the petition filed by the city of Cleveland in cause No. 560248, aforesaid, insofar as said matters, issues and facts relate to and affect the claims, causes of action, and obligations asserted by relators * ® * in the aforesaid Municipal Court actions; and from exercising or attempting to exercise any jurisdiction designed or intended to interfere, or which would interfere with the prosecution of said actions by the relators and their counsel, or the determination thereof by said Municipal Court, or the enforcement of any judgment or judgments which might be rendered in said actions
 

 In other words, the order of the Court of Appeals did not deprive the Common Pleas Court of any jurisdiction in the declaratory-judgment action, except so far as its exercise of jurisdiction would constitute an interference with the jurisdiction of the Municipal Court in matters already pending in and within the jurisdiction of the latter court.
 

 In 32 Ohio Jurisprudence, 568, Section 6, it is said:
 

 “In Ohio the purpose of the writ [of prohibition] is to keep inferior courts within the limits of their own jurisdiction, and
 
 to prevent them from encroaching upon the jurisdiction of other tribunals.”
 
 (Italics ours.) See
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029;
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 State, ex rel.
 
 
 *355
 

 Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335;
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430;
 
 State, ex rel. Burtzlaff,
 
 v.
 
 Vickery et al., Judges,
 
 121 Ohio St., 49, 166 N. E., 894.
 

 When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its action. 14 American Jurisprudence, 435, Section 243.
 

 This court in the case of
 
 Miller
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 143 Ohio St., 68, 54 N. E. (2d), 130, quoted from 14 Ohio Jurisprudence, 410, Section 30, as follows:
 

 “ ‘It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution'of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals.’ ” See 11 Ohio Jurisprudence, 726, Section 81. See, also,
 
 Kane
 
 v.
 
 Kane,
 
 146 Ohio St., 686, 67 N. E. (2d), 783.
 

 “The courts will ordinarily refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action. ’ ’ 16 American Jurisprudence, 295, Section 22.
 

 In this connection, it is stated in Borchard on Declaratory Judgments (2 Ed.), 350:
 

 “Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant
 
 *356
 
 or the plaintiff in that suit. * # * It would include cases in which the petitioner for a declaration should legitimately be relegated to advance his claim or assertion as a defense to the action at law * * V’
 

 The respondent claims that the relators are estopped to question its jurisdiction in the declaratory judgment action for the reason that they entered their appearance and filed defensive pleadings in that action. Although such conduct constitutes an entry of personal appearance in that action, it clearly does not constitute a waiver of lack of jurisdiction as to the subject matter of the action. The respondent also makes claim that it has power to determine its own jurisdiction, and, if error is committed in such determination, the relators have an adequate remedy by appeal from any adverse judgment. This claim disregards the fact that the relators’ complaint not only goes to' the question of the jurisdiction of the Common Pleas Court in the declaratory judgment action but to such court’s alleged interference with the jurisdiction of the Municipal Court whose acts and proceedings it attempts to stay and enjoin. Besides, in the opinion of this court, the remedy of appeal in the declaratory judgment action, involving as it would a great number of parties and a great variety of facts and issues with the attendant expense of trial and making a record, does not afford, the relators a practical or adequate remedy for the reasons herein stated.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.