Per Curiam.

It is alleged in the petition and admitted by the demurrer that the Lorain court was the first to acquire jurisdiction of the subject matter and parties.
“As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.” John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga County, 150 Ohio St., 349.
The remedy of prohibition is available to restrain a court from exercising jurisdiction where an identical cause of action *72 between tbe same parties has previously been lodged in another court of concurrent jurisdiction. Miller v. Court of Common Pleas of Cuyahoga County, 143 Ohio St., 68; John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga County, supra.
Appellants contend that the remedy of prohibition may not be used as a substitute for appeal, and that appeal is the proper remedy to determine the question of jurisdiction. This court has held in State, ex rel. Wesselman, v. Board of Elections of Hamilton County, 170 Ohio St., 30, that “a Court of Appeals that allows a writ of mandamus to a relator does not thereby abuse its discretion merely because such relator also has an adequate remedy in the ordinary course of the law.” The same rule applies to a writ of prohibition.
The Court of Appeals has the same discretionary power with respect to the allowance of an extraordinary writ as this court, and this court, is reluctant to interfere with the exercise by that court of its discretionary power. State, ex rel. Lorain County Savings & Trust Co., v. Board of County Commissioners of Lorain County, 171 Ohio St., 306.
The Court of Appeals was not in error in allowing the writ, and its judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Tapt, Matthias, Bell, Herbert and O’Neill, JJ., concur.