92

SWIRSKY, APPELLANT, *v.* IWANYCKYJ, APPELLEE; DACHMAN ET AL., APPELLANTS.

(No. 40486—Decided July 5, 1967.)

*Messrs. Dachman & Dachman,* for appellants.
*Messrs. Steuer & Steuer,* for appellee.

O'NEILL, J. The question for this court to determine is : Was it error for the trial court, after it found that the plaintiff, Swirsky, had a valid mechanic's lien upon the premises of the defendants Iwan Iwanyckyj and Maria Iwanyckyj, and that the de-

fendant-cross-petitioners had valid judgment liens upon the undivided one-half interest of Iwan Iwanyckyj in the premises, to refuse to marshal the liens and order the foreclosure and sale of the premises?

The trial court was in error in its refusal to marshal the liens and order foreclosure and sale.

The fact that the Common Pleas Court, in the divorce action, made certain orders with regard to the rights as to each other of Maria Iwanyckyj and Iwan Iwanyckyj in the real estate premises and with regard to the obligation of Iwan Iwanyckyj to pay the amount of the liens upon the premises and reserved jurisdiction to make further orders for support if such liens were not paid, is not a bar to the jurisdiction of the Cleveland Municipal Court in the separate action to marshal liens and order foreclosure and sale of the property for the payment of the liens pursuant to Section 1311.16, Revised Code, and Section 2323.07, Revised Code, which latter section provides in part:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered."

The judgment of the Court of Appeals is reversed and the cause is remanded to the Municipal Court.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and SCHNEIDER, JJ., concur.