OPINION
This is an appeal from the judgment of the Lake County Court of Common Pleas. Appellant, Linda Fronk, appeals a judgment entry granting appellees', Landy Chung ("Appellee Chung") and Phoenix Combustion, Inc. ("PCI"), "Joint Motion to Vacate Judgment and/or Dismiss" and "Joint Motion to Quash." Appellant also appeals a judgment entry overruling her motion for reconsideration. Neither appellee filed a brief in this case.
Appellant and appellee Chung had their marriage dissolved in the Ashtabula County Court of Common Pleas ("Ashtabula court") on November 17, 1994. A significant asset of their marriage was the business known as PCI. As part of their separation agreement, appellee Chung signed a cognovit note, individually and as president of PCI. The parties agreed that appellant would transfer her interest in PCI to appellee Chung for the sum of $5,000,000 to be paid in installments. Appellee Chung made the first few payments totaling $1,000,000 pursuant to their agreement. However, he did not make the next payment which was due in September 1996.
On January 23, 1997, appellant filed a motion to show cause in the Ashtabula court to have appellees held in contempt for not making the required payment and being in default of the agreement.[1] On February 19, 1997, appellee Chung filed a motion to vacate the judgment entry of the dissolution of marriage under Civ.R. 60(B) in that same court, alleging that he did not become fully aware of appellant's financial misconduct and the inaccurate evaluation of PCI until he examined the accounting records in January of 1997.[2] The Ashtabula court issued a restraining order during the pendency of that matter by which appellant was restrained from: (1) entering upon the premises of PCI; (2) assigning, selling, transferring, consuming, concealing or removing any of their property; and (3) withdrawing, transferring, concealing, removing, or disposing of any of their assets. Other post-judgment proceedings were also unresolved in that court. In a judgment entry dated December 29, 1997, the Ashtabula court appointed a special magistrate to expedite the significant unresolved discovery issues as the judge felt that a "considerable amount of the [c]ourt's time will need to be expended in order to resolve [them]." On January 5, 1998, in a pretrial order, the magistrate ordered that all parties respond to any pending discovery requests on or before January 30, 1998, and that he would hear any remaining discovery disputes on February 23, 1998. The magistrate further ordered that neither party submit any more discovery requests without leave of court or consent of all the parties.
Meanwhile, on February 4, 1998, appellant took judgment on the cognovit note in the Lake County Court of Common Pleas ("Lake court") since, according to her, that is where the note was executed. Appellant sought discovery in aid of execution under Civ.R. 69 by serving a deposition subpoena on Key Bank, N.A. On February 18, 1998, appellees filed a "Joint Motion to Vacate Judgment and/or Dismiss" and a joint Motion to quash the Key Bank subpoena, alleging that the Lake court lacked jurisdiction over the cognovit note since it was part of the matter still pending in the Ashtabula court. On February 24, 1998, appellees filed a joint motion for Rule 11 sanctions and sanctions pursuant to R.C.2323.51 and a motion requesting that a hearing be held. On February 27, 1998, appellees also filed a supplement to their motion to vacate. In a judgment entry dated March 12, 1998, the Lake court granted appellees' joint motion to vacate judgment and joint motion to quash, overruled their motion for Rule 11 sanctions, and ordered that the matter be transferred back to the Ashtabula court for final disposition. Appellant subsequently filed a motion for reconsideration on March 20, 1998, which was overruled on April 8, 1998.
Appellant filed a timely notice of appeal and asserts the following as error:
 "[1.] The trial court committed reversible error in vacating the cognovit judgment of February 4, 1998.
 "[2.] The trial court committed reversible error in denying appellant's March 20, 1998 motion for reconsideration.
 "[3.] The trial court committed reversible error in granting the motion to quash of [appellees] and denying appellant the deposition and documents from Key Bank, N.A."
 In the first assignment of error, appellant asserts that there was no factual basis for vacating the cognovit judgment since appellees did not seek a stay of the judgment. Appellant contends that she has a right to pursue her remedies under law.
 It is undisputed in the present case that both the Ashtabula court and Lake court have concurrent jurisdiction. However, the question becomes whether the Ashtabula County case and the Lake County case involve the same "whole issue" or matter. The Supreme Court of Ohio summarized the jurisdictional priority rule as follows:
 "`As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'"
 State ex rel. Sellers v. Gerken (1995), 72 Ohio St.3d 115, 117 * * *, quoting State ex rel. Racing Guild of Ohio v. Morgan (1985), 17 Ohio St.3d 54, 56 * * *."
 Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.
(1995), 74 Ohio St.3d 120, 123.
Generally, the jurisdictional priority rule requires that the claims or causes of action be the same in both cases. Id. Once a trial court acquires jurisdiction over an action, its authority continues until the matter is completely and finally disposed of and no other court having equal authority may interfere with its proceedings. JohnWeenink Sons Co. v. Court of Common Pleas of CuyahogaCty. (1948), 150 Ohio St. 349, 355. The principle behind the decision in Weenink is one of comity between courts of concurrent jurisdiction. Once a suit is initiated in one jurisdiction, a second court may not interfere with the outcome of the issue filed in the first court.
In Weenink, the Supreme Court affirmed a writ of prohibition that the Cuyahoga County Court of Appeals granted prohibiting the Cuyahoga County Court of Common Pleas from exercising jurisdiction over a declaratory judgment action declaring the rights of the parties to monies being held by the city of Cleveland. The lawsuit arose over a dispute about money received as revenue from a rodeo staged at premises the city owned. Pursuant to a contract with the promoter, the city was to hold all of the money and disburse any remaining revenues to the promoter after all of the city's costs were paid. Prior to the city having filed the declaratory judgment action, numerous creditors of the promoter filed several separate suits in the Cleveland Municipal Court to collect money owed and unpaid as a result of the rodeo exhibition. The city of Cleveland was named as garnishee in many of these suits. The city answered denying it had any money in its possession owed to the creditors. Although the relief sought in the common pleas court was a declaratory judgment, the Supreme Court held that the cases involved the same subject matter and the exercise of jurisdiction by the common pleas court constituted an interference with the authority of the municipal court to resolve the issues pending before it. Id. at 355-356.
Based upon this authority, CWP Ltd.Partnership v. Vitrano (May 15, 1997), Cuyahoga App. No. 71314, unreported, at 2, 1997 WL 253156, stated that:
 "(T)he determination of whether two cases concern the same `whole issue' or matter is a two-step analysis. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where [the] suit was originally commenced."
In the case at bar, the Lake court properly applied the jurisdictional priority rule ofWhitehall ex rel. Wolfe, previously mentioned. The two lawsuits here involved the same parties. The Ashtabula County litigation originated as an action for dissolution involving appellant and appellee Chung. The Ashtabula court entered judgment in November 1994 and several post-decree motions were pending pertaining to the enforcement of the separation agreement of which appellant was aware.[3] Appellant then filed the Lake County case on the cognovit note, which involved the same parties and the same subject matter as the post-decree motions pending in Ashtabula County. Thus, the first step of the analysis is satisfied.
Additionally, a ruling in the Lake County case would have certainly affected or interfered with the outcome of the issues pending in Ashtabula County. Appellant sought to enforce judgment in the Lake court on the very note that appellee Chung challenged in the Ashtabula court. Since the Lake court may not interfere with the proceedings in Ashtabula County, the Ashtabula court acquired exclusive jurisdiction to adjudicate the entire matter and settle the rights of the parties. Until such time that the Ashtabula County case was concluded, the Lake court lacked jurisdiction. Thus, Lake County was not the proper tribunal with authority to hear the case. Further, the court below properly ordered that the action be transferred back to the Ashtabula court for final disposition, since there were still unresolved issues in that court. Hence, the trial court did not err in vacating the February 4, 1998 cognovit judgment.
In her brief, appellant relies on State ex rel. Flowerv. Rocker (1977), 52 Ohio St.2d 160 and Swirsky v. Iwanyckyj
(1967), 11 Ohio St.2d 92. These cases are distinguishable from the case at hand because they do not involve the same issues that are involved in the original action. In both Rocker and Swirsky, the first action terminated before the second action started. Also, in both cases, the second case was brought in order to aid in the judgment of the first case. Therefore, the jurisdictional priority rule had no application in either situation. The fundamental distinction between the case at bar and the foregoing cases is that here, the divorce action had not ended when appellant sought her judgment in the Lake court. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court erred in overruling her motion for reconsideration. This argument is not well-taken.
The Supreme Court of Ohio has held that a motion for reconsideration filed after a final judgment is not contemplated by the Ohio Civil Rules. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus. See, also,Carrabine v. Brown (Aug. 13, 1993), Geauga App. No. 92-G-1736, unreported, at 6. "The application for a motion for reconsideration after a final judgment is simply a legal fiction created by counsel * * *." Pitts, 67 Ohio St.2d at 381. "[A]ll judgments or final orders from [a motion for reconsideration] are a nullity." Id.
Lake court's March 12, 1998 judgment entry granting appellees' motion to vacate was a final judgment. Appellant's subsequent motion to reconsider the Lake court ruling was a legal fiction. For that reason, the motion for reconsideration will not lie, and the April 8, 1998 judgment from that motion is a nullity. Accordingly, appellant's motion for reconsideration is overruled as moot. Appellant's second assignment of error lacks merit.
In her third assignment of error, appellant argues that the Lake court erred in granting appellees' motion to quash and denying her the deposition and documents from Key Bank. This argument lacks merit because, for the reasons stated in the first assignment of error, issues relating to the cognovit note were still being litigated in the Ashtabula court when appellant filed her complaint on the cognovit note and received judgment in the Lake court. Appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. Therefore, the decision of the Lake County Court of Common Pleas is affirmed.
 ___________________________________ PRESIDING JUDGE DONALD R.
FORD NADER, J., O'NEILL, J., concur.
[1] Appellant indicated that she withdrew this motion on February 17, 1998.
[2] Appellant indicated that she knew this motion was pending when she took judgment on the cognovit note in Lake County.
[3] The record does not contain proof of the exact matters pending before the Ashtabula court. However, on February 4, 1998, the date appellant received judgment on the cognovit note, the record demonstrates that the magistrate in Ashtabula County set a hearing for February 23, 1998 to resolve certain discovery related matters.