OPINION
Plaintiff-appellant, Crestmont Cleveland Partnership, appeals the judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Willow Park Convalescent Home, Inc., Abraham Schwartz and Sally Schwartz. For the following reasons, we affirm in part and reverse in part.
This case arises out of a dispute between appellant and the appellees concerning the ownership rights to a certificate of need ("CON") authorizing the operation of two hundred and nine nursing home beds in Cleveland, Ohio. In particular, the parties dispute whether the CON was included in an option contract entered into between the parties in 1988, in which appellant granted appellees an option to purchase certain assets of the Willow Park Convalescent Home in Cleveland, Ohio.
On April 6, 1998, appellant filed this action against appellees, the Ohio Department of Health, and the director of the Ohio Department of Health, William Ryan, seeking declaratory and injunctive relief. In particular, appellant sought declarations: (1) that appellant owns the CON; (2) that the CON was leased to appellees; (3) that the CON must be returned free and clear of all claims, liens, charges, and encumbrances upon termination of the lease; and (4) that the option contract does not include an option to purchase the CON. Appellant also sought an injunction: (1) prohibiting the Ohio Department of Health and its director from changing the ownership of the CON or from issuing to a party, other than appellant, a new CON to replace the one at issue; and (2) prohibiting appellees or any other party from selling, conveying, assigning, or otherwise disposing of or encumbering the CON.
On April 24, 1998, appellees filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), on the grounds that another court of concurrent jurisdiction had exclusive jurisdiction over the subject matter of the complaint pursuant to the jurisdictional priority rule. In particular, appellees contended that the issue of ownership of the CON and its inclusion in the option contract was pending (and in fact had been decided) in a previously filed action brought by appellees against appellant in the Cuyahoga County Court of Common Pleas (the "Cuyahoga County action"). In that action, appellees sought, among other things, specific performance of the option contract, which, after the first of two bifurcated trials, the Cuyahoga County Court of Common Pleas granted in favor of appellees. On May 11, 1998, appellees, Ohio Department of Health and Director Ryan, filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6), on the grounds that appellant lacked standing to pursue the action, that appellant failed to exhaust administrative remedies, and appellant failed to state a claim upon which relief could be granted.
On June 12, 1998, the trial court issued its decision granting appellees' motion to dismiss. In so doing, the trial court ruled that, pursuant to the jurisdictional priority rule, the Cuyahoga County Court of Common Pleas had first obtained exclusive jurisdiction to adjudicate the issues related to the CON's inclusion in the option contract. Given its decision on appellees' motion, the trial court overruled as moot the motion of the Ohio Department of Health and Director Ryan. On September 25, 1998, the trial court entered judgment reflecting its June 12, 1998 decision. It is from this judgment entry that appellant appeals raising the following single assignment of error:
 The trial court erred as a matter of law in granting the non-state appellees' motion to dismiss under the Ohio Civil Rule 12(B)(1).
In its single assignment of error, appellant contends that the trial court erred in ruling that its complaint was precluded by the jurisdictional priority rule.
The jurisdictional priority rule provides that "as between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals." State ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, 56, quoting State ex rel. Phillips v. Polcar (1977),50 Ohio St.2d 279, syllabus. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." John Weenink Sons Co. v. Court of Common Pleas ofCuyahoga Cty. (1948), 150 Ohio St. 349, paragraph three of the syllabus.
Generally, "`it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases.'" Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.
(1995), 74 Ohio St.3d 120, 123, quoting State ex rel. Sellers v. Gerken
(1995), 72 Ohio St.3d 115, 117. "Therefore, if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case." State ex rel. Red Head Brass, Inc.v. Holmes Cty. Court of Common Pleas (1997), 80 Ohio St.3d 149, 151.
Appellant contends that the jurisdictional priority rule does not apply here "because both the parties and the causes of action in this case are significantly and materially different from the parties and the causes of action in the Cuyahoga County action." (Appellant's brief at 9.) In particular, appellant contends that the only issue in the Cuyahoga County action relating to the option contract is whether appellees had properly exercised the option contract and are entitled to its specific performance. According to appellant, the question as to what property is subject to the option contract is not at issue in the Cuyahoga County action. Finally, appellant points out that the Cuyahoga County action involved numerous parties not named here and that this action involves parties not named in the Cuyahoga County action, in particular, the Ohio Department of Health and its director. We find, however, none of appellant's contentions persuasive, at least as to the declarations sought by appellant in this litigation concerning the ownership of the CON.
The jurisdictional priority rule applies even though the causes of action and relief requested are not identical in both actions. Sellers, supra, at 117. Rather, the priority rule applies if the claims in both cases are sufficiently similar such that each of the actions "comprises part of the `whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked." Racing Guild of Ohio, supra, at 56; see, also, Weenink Sons, supra, at paragraph two of the syllabus (court whose power is first invoked acquires jurisdiction to the exclusion of all others "to adjudicate upon the whole issue and settle the rights of the parties"). Finally, whether a subsequent action concerns the same "whole issue" as that involved in the prior action, consideration must be given to whether a "ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." Michaels Bldg. Co. v. Cardinal Fed. S. L. Bank
(1988), 54 Ohio App.3d 180, 183. Here, the issue of whether the CON was included in the option contract was part of the "whole issue" litigated in the Cuyahoga County action.
First, the issue of whether the CON was included in the option contract was placed at issue in the Cuyahoga County action by appellees. As noted above, appellees filed suit against appellant (and its individual partners), seeking, among other things, specific performance of the option contract. In so doing, appellees specifically alleged in their amended complaint that the option contract granted them "an option to purchase the real estate,certificate of need, assets, and equipment of Willow Park Convalescent Home." (Emphasis added. Amended complaint at paragraph 27.) Moreover, as to Count 1 of the amended complaint, appellees sought an order directing appellant to tender to appellees the "real estate, equipment, fixtures,certificate of need, and other assets of Willow Park Convalescent Home, at a price determined in accordance with the option agreement." (Emphasis added.)
Second, the issue of whether the option contract included the CON was part of the decision rendered by the trial court after the first trial in the Cuyahoga County action. In its opinion, the trial court ruled that appellees were entitled to specific performance of the option contract "as prayed for in Count No. 1 of the Amended Complaint." (Opinion at paragraph 1.) As noted above, Count 1 of appellees' amended complaint sought an order requiring appellant to tender the nursing home assets, including the CON. Furthermore, in its findings of fact and conclusions of law, the trial court found that appellees were entitled to an order requiring appellant to sell to appellees the "Willow Park Assets," which the court had previously defined to include the CON. (See Findings of Fact and Conclusions of Law, paragraph one and twenty-four.) Given that the trial court in the Cuyahoga County action appears to have granted appellees the right to purchase the certificate of need under the option contract, the declarations sought by appellant in this action would conflict with the resolution of the matter in the Cuyahoga County action.
Appellant contends that reliance on the Cuyahoga County Common Pleas Court's opinion as evidence that the CON's inclusion in the option was at issue in the Cuyahoga County action is misplaced because the language of the court's opinion is internally inconsistent, the option contract language clearly indicates that it does not include the CON, and no evidence, testimony, or argument was made on the subject of the CON during the trial. However, we find that such arguments only indicate that the trial court may have been wrong in including the CON within the assets to be sold pursuant to the option contract, and, as such, are appropriate in an appeal of the Cuyahoga County action.[1] Such arguments, however, do not indicate that the issue was not within the scope of the action between the parties in the Cuyahoga County action, especially given the language of appellees' amended complaint and the language in the trial court's opinion and findings of fact and conclusions of law.
Thus, we find that the issue of whether the CON was included within the option contract was and is at issue in the Cuyahoga County action and constitutes part of the "whole issue" to be decided in that action. As such, the declarations concerning the ownership interests to the CON sought by appellant in this case involve the same causes of action at issue in the Cuyahoga County action.
Similarly, we reject appellant's argument that the jurisdictional priority rule does not apply here because the Cuyahoga County action involved parties not named here and because this action involved additional parties not named in the Cuyahoga County action. The priority rule does not require that both actions have identical parties. Rather, the identity-of-parties requirement is satisfied as long as the claim or matter sought to be precluded in the second action is between the same parties. See, e.g., Weenink Sons, supra
(applying priority rule even though subsequent action named additional parties since trial court was deprived of jurisdiction only as to those matters pending between the same parties in the previously-filed action). Here, the matter of whether the CON was included in the option contract involves the same parties in both cases — appellant and appellees. Thus, we find that the identity-of-parties requirement is satisfied here as to all matters related to the ownership of the CON.
Finally, we also reject appellant's alternative argument that the trial court should have transferred the case to the Cuyahoga County Court of Common Pleas rather than dismiss it. Under Civ.R. 3(C)(1), a transfer of venue is authorized only if the action has been commenced in an improper venue and the defense timely asserts improper venue pursuant to Civ.R. 12. Here, appellant concedes that the action was properly venued in Franklin County, given that the Ohio Department of Health and Director Ryan were named as defendants. Moreover, no defendant timely sought a change of venue. Thus, appellant's venue argument is without merit.
In sum, we find that the trial court properly ruled that the Cuyahoga County Court of Common Pleas first obtained jurisdiction as to the issue of whether the CON is included in the option contract. Therefore, we affirm the trial court's dismissal of appellant's complaint as to its claims seeking declaratory and injunctive relief related to the ownership or disposition of the CON.
We do not find, however, that the jurisdictional priority rule applies to preclude appellant's single claim for injunctive relief against the Ohio Department of Health and Director Ryan. This claim is not at issue in the Cuyahoga County action, nor does it involve the same parties. Thus, to the extent appellant has stated a separate cause of action entitling him to injunctive relief, especially considering the basis for such relief cannot involve the ownership of the CON (a matter we specifically do not decide), the trial court erred in dismissing this claim under the jurisdictional priority rule.
Appellant's assignment of error is overruled as to his claims for declaratory and injunctive relief related to the CON, and well-taken as to his single claim for injunctive relief against the Department of Health and Director Ryan.
Appellees have moved for sanctions pursuant to App.R. 23. In particular, appellees point out that, while appellant was arguing to this court that the question of whether the CON was included in the contract was not at issue in the Cuyahoga County action, appellant was also assigning as error in its interlocutory appeal of the Cuyahoga County action that the trial court improperly included the CON in the option contract. Appellees contend that these contradictory positions reveal that appellant's appeal in this case was frivolous and maintained in bad faith.
App.R. 23 provides: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is essentially one that presents no reasonable question for review. Talbott v.Fountas (1984), 16 Ohio App.3d 226.
We do not find that appellant's appeal in this case was frivolous. First, appellant's arguments in its appeal of the Cuyahoga County action were specifically made "in the alternative" to its position in this court and presumably designed to preserve such arguments given the possibility of the decision reached by this court today. Second, while appellant's position concerning the scope of the Cuyahoga County action was ultimately rejected by this court, we do not find that it presented no reasonable question for review. Finally, appellant's assignment of error has been found to be well-taken in part. As such, appellant's App.R. 23 motion for sanctions is denied.
Judgment affirmed in part, reversed in part; motion for sanctions denied.
DESHLER and TYACK, JJ., concur.
[1] In fact, the record indicates that such arguments are being made by appellant in its brief to the Cuyahoga County Court of Appeals in their interlocutory appeal of the trial court's decision on the specific performance claim.