OPINION
This is an appeal from an order of the Court of Common Pleas of Greene County granting a Civ.R. 60(B) motion.
On May 26, 1989, the plaintiff, Patricia Hodgson, filed a complaint for divorce from the defendant, John Hodgson, who was stationed at Wright Patterson Air Force Base pursuant to military orders. Subsequently, the defendant filed a motion to dismiss the complaint for lack of jurisdiction, but the motion was overruled except as it applied to Hodgson's potential military retirement pay. No appeal was taken from the order overruling the motion.
Thereafter, at the hearing of the divorce case, the defendant joined in the prayer that the divorce be granted on the ground of incompatibility, but continued to object to any jurisdiction over his potential military retirement pay claiming protection under the provisions of the Uniform Services Former Spouses Protection Act (10 U.S.C. § 1408(c)(4). In its judgment entry and decree of divorce, the trial court recognized the objection of Mr. Hodgson, and specifically noted that "under the provisions of the Former Spouses Protection Act, Title 10, the court shall not make any disposition of the defendant's potential military retired benefits."
With reference to Hodgson's retirement pay, the record discloses that he entered military service on May 13, 1970 and that he began to receive his pension in 1993. However, the record also shows that Mr. and Mrs. Hodgson were married on March 15, 1969 and divorced on April 11, 1990, and that the military pension was therefore the principal marital asset at the time of the initial divorce proceedings.
Since the military pension partially accumulated during about twenty years of marriage, and undoubtedly still was an undivided marital asset, the plaintiff sought her share of such pension in Oklahoma after Mr. Hodgson retired from the service, but she was denied relief by the Oklahoma court on January 16, 1998 on the ground that she was attempting to split causes of action. Interestingly, Mr. Hodgson successfully argued in the Oklahoma court as follows:
 In this case, plaintiff had one cause of action against the defendant; the action consisted of a right to be granted a divorce, custody or non-custody of the children, child support to the custodial parent of the children, and a division of the property of the parties.
As a result of the order of the Oklahoma court, the plaintiff returned to the Common Pleas Court of Greene County, which initially had jurisdiction of the parties in the divorce action, and on August 20, 1998, she filed a motion for equitable relief under Civ.R. 60(B).
On April 8, 1999, the trial court sustained the motion with the following comment:
 It is no longer equitable that the portion of the Final Judgment and Decree of Divorce that addresses the division of the defendant's military retirement should have a prospective application. Therefore, that portion of the Final Judgment and Decree of Divorce is vacated and the plaintiff is awarded her marital portion of the defendant's military retirement benefits. The award will be prorated to the date of separation, April 11, 1990. All other portions of the Final Judgment and Decree will remain unchanged.
In the present appeal, the appellant urges that "the trial court erred in granting appellee's Civ.R. 60(B) motion for relief and ordering division of appellee's military retirement pay", but the arguments submitted in support of the alleged error are rendered wholly theoretical by the undisputed and overwhelming fact that Mrs. Hodgson is legally entitled to her proportionate share of the military retirement pay which accrued during the marriage.
Furthermore, the record shows that the appellant joined in the prayer of the appellee for a divorce (T. 7), and that the appellant invoked the jurisdiction of the Common Pleas Court for the disposition of such ancillary matters as child custody, support, and a partial division of the property of the parties. Hence, any attempt by the appellee to pursue her cause of action in Illinois, from whence the appellant came, or in Texas, where the appellant intends to go, will undoubtably meet the same hurdle which she encountered in Oklahoma, i.e., that she cannot split her divorce proceeding from the disposition of all marital assets.
Applicable here, therefore, is the general rule, as espoused by the Supreme Court of Ohio in Knowlton Co. v. Knowlton (1992),63 Ohio St.3d 677, 680-681, citing State ex rel. Phillips v.Polcar (1977), 50 Ohio St.2d 279, that "the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." See, also, John Weenink Sons Co. v. Court of CommonPleas of Cuyahoga Cty. (1948), 150 Ohio St. 349. Moreover, a court having general jurisdiction of the subject matter of an action possesses the authority to determine its own jurisdiction on a particular issue. Payne v. Cartee (1996), 111 Ohio App.3d 580,594.
In our opinion, therefore, the facts of this case do little more than reflect the versatility of a Civ.R. 60(B) motion, but in any event, the alleged assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Richard T. Brown
Gary E. Wright
Hon. Judson L. Shattuck, Jr.