In my view, the majority's application of Civ.R. 41(A)(1) is overly technical and disregards the liberal interpretation of the Rules of Civil Procedure contemplated by Civ.R. 1(B). "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175, 297 N.E.2d 113, 122.
The identical claim was pending against Williams in the municipal court on the date the Hills Group dismissed its action against him in the court of common pleas. The majority assumes that the dismissal of the action in the court of common pleas was a voluntary dismissal, and that, with the second dismissal of the action, the Hills Group was, therefore, barred by Civ.R. 41(A)(1) from proceeding on the merits in the municipal court.
The majority's analysis accepts an interpretation of Civ.R. 41(A)(1) that is nothing more than Williams's procedural trick play to escape liability. On the face of the municipal court entry, attached to the motion for summary judgment, the first dismissal by Hills Group was not a voluntary notice of dismissal, but rather was a dismissal by the court under Civ.R. 41(B).
Second, and more appropriately, the analysis should begin with the rule that two courts cannot simultaneously exercise jurisdiction over the same subject matter. See John Wesnick Sons Co. v. Court of Common Pleas of Cuyahoga Cty. (1948),150 Ohio St. 349, 82 N.E.2d 730, paragraphs two and three of the syllabus; see also, Griggs v. Provident Consumer Discount Co.
(1982), 459 U.S. 58, 103 S.Ct. 400. The dismissal by the Hills Group in the court of common pleas was neither for purposes of delay nor for harassment. It had no choice but to elect in which court it would proceed. Had it not dismissed one of its pending cases, either court would have ordered the Hills Group to do so. Unfairness punctuates the majority's interpretation of Civ.R. 41(A)(1) by allowing the Hills Group to proceed on the merits had it only refrained from dismissing its action in the court of common pleas until after the trial in municipal court.
Although the Hills Group may have designated its motion as a voluntary motion to dismiss, in reality, it was an involuntary dismissal for lack of subject-matter jurisdiction in the court of common pleas, pursuant to Civ.R. 41(B)(4), as only one court could exercise jurisdiction of its claim. This construction in light of the procedural history of the case is entirely consistent with the purpose of the Rules of Civil Procedure, which is "to effect just results," as provided in Civ.R. 1(B).
I also note that neither party has appealed from the $1000 judgment for Williams on his counterclaim.
I would affirm the trial court.