OPINION
{¶ 1} Appellant, Eric W. Nieciecki, appeals the judgment of the Portage County Common Pleas Court, which denied his motion for relief from judgment. We affirm.
 {¶ 2} Appellee, Qualchoice, Inc. was the insurer, assignee, and subrogee of Susan M. West ("West"). On June 28, 2000, West was a passenger in a vehicle that collided with appellant. On February 4, 2002, West filed suit against appellant in the Summit County Common Pleas Court, seeking recovery for the injuries she allegedly suffered in the accident.
 {¶ 3} On March 18, 2002, Qualchoice filed the instant action against appellant seeking to recover monies paid to West as a result of the accident. Service of the summons and complaint was made by certified mail upon appellant on March 26, 2002. Appellant failed to move or plead and Qualchoice moved for default judgment on July 12, 2002. The trial court granted the motion for default judgment on July 15, 2002.
 {¶ 4} Appellant, through counsel, filed a motion to vacate and motion for leave to file answer instanter on July 19, 2002. In support of his motion, appellant's counsel filed an affidavit stating in part:
 {¶ 5} "[Appellant] was under the impression that the court documents he received were all related to the Summit County case. Accordingly, there was a delay in his part in forwarding his counsel the complaint filed by Qualchoice. Counsel believes that these circumstances caused confusion with [appellant], and falls [sic] within the grounds of excusable neglect under the Ohio Civil Procedure Rule 60(B);
 {¶ 6} "* * *;
 {¶ 7} "The actions of [appellant] constitute excusable neglect, and [appellant] has valid defenses to present as to liability and damages in this claim[.]"
 {¶ 8} Appellant also attached a proposed answer, which consisted of a general denial and raised four affirmative defenses.
 {¶ 9} The trial court denied appellant's motion, finding appellant had failed to show that he had a meritorious defense to present if relief was granted. Appellant filed a timely appeal asserting one assignment of error:
 {¶ 10} "The trial court erred in its denial of appellant's motion for relief from default judgment and motion for leave to answer appellee's complaint, to appellant's prejudice."
 {¶ 11} We review a trial court's decision to grant or deny a motion for relief from judgment only for an abuse of discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. In GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the Supreme Court of Ohio set forth the standard required to prevail on a Civ. R. 60(B) motion. Under Civ. R. 60(B) the movant must show that:
 {¶ 12} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE at paragraph two of the syllabus.
 {¶ 13} The movant must meet all three prongs to prevail on his motion. Rose Chevrolet, Inc., supra. In the instant case, the trial court found that appellant failed to demonstrate that he had a meritorious claim or defense to present had relief been granted. We agree.
 {¶ 14} Before this court, appellant contends that he demonstrated a meritorious defense. He argues that the Portage County Common Pleas Court lacked jurisdiction to hear this case. In support of his argument appellant cites John Weenink Sons Co. v. Court of Common Pleas ofCuyahoga Cty. (1948), 150 Ohio St. 349, at paragraph two of the syllabus. There, the Ohio Supreme Court held:
 {¶ 15} "[a]s between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." Id.
 {¶ 16} Appellant contends that, since West filed suit first in Summit County, the Portage County Common Pleas Court lacked jurisdiction to hear the instant case. However, appellant did not make this argument to the trial court; his proposed answer simply stated, "As an affirmative defense, defendant states improper venue and jurisdiction." We find this insufficient to demonstrate a meritorious defense.
 {¶ 17} Of course, lack of subject matter jurisdiction may be raised at any time; however, it is clear that the Portage County Common Pleas Court did have subject matter jurisdiction in the instant case. Appellee sought recovery on a subrogation claim arising from appellant's alleged negligent operation of a motor vehicle in the State of Ohio. The holding in Weenink, supra, is inapposite to the case sub judice as the parties in this case differ from those in the Summit County case. See State ex rel.Gelman v. Common Pleas Court of Cuyahoga Cty. (1961), 172 Ohio St. 70,71-72 (stating: "The remedy of prohibition is available to restrain a court from exercising jurisdiction where an identical cause of action between the same parties has previously been lodged in another court of concurrent jurisdiction. Miller v. Court of Common Pleas of CuyahogaCty., 143 Ohio St. 68, 54 N.E.2d 130; John Weenink Sons Co. v.Court of Common Pleas of Cuyahoga Cty., supra.")[1]
 {¶ 18} In Rose Chevrolet, Inc., supra, the Ohio Supreme Court considered the question of what quantum of evidence is necessary to prove entitlement to relief under Civ. R. 60(B). Id. at 19. The Court held that a party is not required to submit evidence in support of its defense but only allege operative facts with enough specificity to show entitlement to relief. Id. at 20-21.
 {¶ 19} In the instant case, appellant made the barest of allegations that venue was improper and that the trial court lacked jurisdiction to hear the case. He made no argument as to why this was so. While he was not required to submit an affidavit, he was required to allege operative facts in some manner. The trial court even looked to appellant's proposed answer, but found a totally unembellished allegation. Thus, we cannot say that the trial court abused its discretion when it found that appellant did not satisfy his burden to show that he had a meritorious defense to present had relief been granted. See Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602.
 {¶ 20} Therefore, appellant's sole assignment of error is without merit and the judgment of the Portage County Common Pleas Court is affirmed.
Judgment affirmed.
Judith A. Christley, J., concurs.
William M. O'Neill, J., dissents with dissenting opinion.
[1] Unlike subject matter jurisdiction, a party may waive personal jurisdiction and venue. Nothing in the record shows that the trial court lacked personal jurisdiction over appellant. Although venue may have been more appropriate in Summit County, this was a curable procedural defect.