{¶ 14} I respectfully dissent from the majority opinion because I believe the probate court retained jurisdiction over Hollins after he reached the age of majority for the limited purpose of ruling on the motions pending before it. I believe Inre Altomare, supra, can be distinguished from the case at hand. The ward in Altomare reached age 18 prior to the hearing regarding the disbursement of proceeds. In the instant case, Hollins reached age 18 after the hearing was held. Additionally, the magistrate filed his recommendation, the parties filed objections and the court held a second hearing, all while Hollins was a minor and clearly under the jurisdiction of the probate court. In fact, the only thing left for the court to do was enter judgment.
 {¶ 15} Pursuant to R.C. 2101.24(C), "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court * * *." See, also, Payton v.Payton (June 20, 1997), Scioto App. No. 96CA2438 (holding that a court exhausts its jurisdiction only after disposing of all issues properly before it); John Weenink Sons Co. v. Court ofCommon Pleas (1948), 150 Ohio St. 349, ¶ 3 of the syllabus (holding that when a "court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of * * *").
 {¶ 16} Additionally, it is worth noting that the practical result of the court's decision in the instant case is that Hollins' $1.5 million settlement with University Hospitals is now being handled by handled by a Michigan probate court. The Cuyahoga County Probate Court approved attorneys' fees and costs of approximately $481,000, while the Wayne County Probate Court in Michigan approved attorneys' fees and costs of approximately $990,000. According to the Cuyahoga County Probate Court's May 26, 2005 order removing the guardian, there was speculation that the attorneys in this case, particularly Geoffrey Fieger, were forum shopping because they were unhappy with the original allocation of attorneys' fees and that Hollins and his mother relocated to Michigan upon Fieger's request.