[Cite as *State ex rel. Pingue v. Schneider*, 2013-Ohio-4211.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


State of Ohio ex rel.                          :
Giuseppe A. Pingue, Sr.,
                                               :
          Relator,                                          No.  13AP-51
                                               :
v.                                                          (REGULAR CALENDAR)
                                               :
Charles A. Schneider, Judge,
                                               :
          Respondent,
                                               :
(Alexander Square, LLC,
                                               :
          Intervenor-Respondent).
                                               :


D E C I S I O N

Rendered on September 26, 2013


*The Behal Law Group LLC,* and *John M. Gonzales,* for
relator.

*Ron O'Brien,* Prosecuting Attorney, and *Scott O. Sheets,* for
respondent.

*Zeiger, Tigges & Little, LLP, Marion H. Little,* and
*Matthew S. Zeiger,* for Alexander Square, LLC.


IN PROHIBITION

BROWN, J.

{¶ 1}   Relator, Giuseppe A. Pingue, Sr., has filed an original action requesting that this court issue a writ of prohibition ordering respondent, the Honorable Charles A. Schneider, judge of the Franklin County Court of Common Pleas ("respondent"), to

refrain from conducting any further proceedings in common pleas case No. 12CVH11-14649.

{¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On February 28, 2013, respondent filed a motion for summary judgment. On March 13, 2013, relator filed a cross-motion for summary judgment and a memorandum in opposition to respondent's motion for summary judgment. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court deny relator's motion for summary judgment and grant summary judgment in favor of respondent.

{¶ 3} Relator has filed objections to the magistrate's decision, arguing that the magistrate incorrectly determined that respondent could adjudicate an action filed in 2012 by intervening-respondent, Alexander Square, LLC ("Alexander Square"), in the Franklin County Court of Common Pleas separate and apart from relator's 2011 action filed in the Delaware County Court of Common Pleas. Relator contends that the magistrate narrowly interpreted the "jurisdictional priority" rule to hold that it only applies if the causes of action are the same in both cases. Relator argues that the actions before both tribunals (Franklin County and Delaware County) are part of the same "whole issue," and therefore the Delaware County Court of Common Pleas has priority jurisdiction.

{¶ 4} In order to be entitled to a writ of prohibition, relator is required to establish that (1) respondent "is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law." *State ex rel. Wellington v. Kobly*, 112 Ohio St.3d 195, 2006-Ohio-6571, ¶ 14, citing *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, ¶ 9. *See also State ex rel. Dannaher v. Crawford,* 78 Ohio St.3d 391, 392 (1997) ("Neither prohibition nor mandamus will lie where relator possesses an adequate remedy in the ordinary course of law."). Under Ohio law, "[a]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal." *Id.*, citing *State ex rel. Enyart v. O'Neill,* 71 Ohio St.3d 655, 656 (1995).

{¶ 5} Upon review, we agree with the magistrate's determination that respondent can adjudicate Alexander Square's cause of action separate and apart from relator's action in Delaware County (i.e., claims by Alexander Square that relator violated R.C. 4513.60 and tortiously interfered with business relationships by unlawfully towing cars from its property are separate from claims by relator that Alexander Square violated a written easement by allowing its lessees, customers, and business invitees to park vehicles within portions of the easement area). Here, although the cases may implicate "rights involving the same general property," they concern "separate and different issues," and therefore the jurisdictional priority rule "did not *patently and unambiguously* divest" respondent of jurisdiction. (Emphasis sic.) *Dannaher* at 394. Further, this court "need not expressly rule on the * * * jurisdictional issue since our review is limited to whether * * * jurisdiction is *patently and unambiguously lacking*." (Emphasis sic.) *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 238 (1994). In such circumstances, "[a]ppeal constitutes an adequate legal remedy to raise any claimed error in failing to apply the jurisdictional priority rule." *Dannaher* at 394.

{¶ 6} Based upon the foregoing, this court adopts the magistrate's decision as our own, including the findings of facts and conclusions of law. In accordance with the magistrate's recommendation, respondent's motion for summary judgment is granted, relator's cross-motion for summary judgment is denied, and relator's request for a writ of prohibition is denied.

*Respondent's motion for summary judgment granted;*
*relator's cross-motion for summary judgment denied*
*relator's writ of prohibition denied.*

KLATT, P.J., and T. BRYANT, J., concur.

T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Giuseppe A. Pingue, Sr., | : | |
| | : | |
| Relator, | : | |
| | : | No. 13AP-51 |
| v. | : | (REGULAR CALENDAR) |
| Charles A. Schneider, Judge, | : | |
| | : | |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 30, 2013

*The Behal Law Group LLC,* and *John M. Gonzales,* for relator.

*Ron O'Brien,* Prosecuting Attorney, and *Scott O. Sheets,* for respondent.

### IN PROHIBITION
### ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 7} Relator, Giuseppe A. Pingue, Sr. ("Pingue"), has filed this original action requesting that this court issue a writ of prohibition ordering respondent, the Honorable Charles A. Schneider, judge of the Franklin County Court of Common Pleas, to refrain from conducting any further proceedings in the case of *Alexander Square, LLC v. Giuseppe A. Pingue, Sr.,* Franklin County C.P. No. 12CVH11-14649.

**Findings of Fact:**

{¶ 8}  1. On August 30, 2011, Pingue filed a complaint in the Delaware County Court of Common Pleas ("Delaware CPC"), against Alexander Square, LLC ("Alexander Square") and Preferred Real Estate Investments II, LLC ("Preferred").  The substance of Pingue's complaint was that Alexander Square and Preferred were violating easements created in 1995 and 2008, primarily by permitting people to utilize the space for parking. Pingue alleged other infringements as well including that Alexander Square and Preferred were trespassing on the property.

{¶ 9}  2. At the time this prohibition action was filed, motions for summary judgment were pending in the Delaware CPC.

{¶ 10} 3. On November 28, 2012, Alexander Square filed a complaint for injunctive relief against Pingue in the Franklin County Court of Common Pleas ("Franklin CPC").  Alexander Square alleged that Pingue was violating R.C. 4513.60(G) by having cars towed from the area of the easements.  Alexander Square also alleged counts of tortious interference with contract and/or business relationships and perspective contractual relations.

{¶ 11} 4. Pingue filed a motion to dismiss Alexander Square's complaint in the Franklin CPC on grounds that Alexander Square's cause of action constituted a compulsive counterclaim in the Delaware CPC litigation under Civ.R. 13(E).  Pingue also contended that the Franklin CPC lacked subject-matter jurisdiction under the jurisdictional priority rule.  Specifically, Pingue argued that respondent lacked jurisdiction because the Delaware CPC had acquired jurisdiction of the subject matter before Alexander Square filed its complaint in the Franklin CPC.

{¶ 12} 5. On January 8, 2013, respondent issued a decision and entry denying Pingue's motion to dismiss or transfer the underlying case.  In finding that the jurisdictional-priority rule did not apply, respondent found as follows:

> [A] Here, although the parties are substantially identical to those in Delaware, the claims are not (despite Mr. Pingue's assertion that Alexander Square's complaint is simply an inversion of his claims in Delaware). In the Delaware action, Mr. Pingue alleged that Alexander Square allowed its tenants and business invitees to park in the easement, thus denying him its full benefit. He also raised claims for trespass and encroachment. He prayed for damages and an injunction against further violation of the terms of the easement.

[B] Moreover, Alexander Square's * * * claim can be fully litigated without determining whether parking in the easement violates its terms. This is because Mr. Pingue may be acting in violation of R.C. 4513.60 and tortiously interfering with economic relations[1] regardless of whether vehicles may be properly parked within the easement.

[C] And, as Alexander Square argues, its claims are not compulsory counterclaims in the Delaware action. Although its claims bear some relation to the subject matter of the Delaware action, Civ.R. 13(E) provides that "A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleadings." * * * Mr. Pingue filed the complaint in Delaware on August 30, 2011. * * * Alexander Square's complaint alleges that Mr. Pingue did not begin towing cars until at least August 2012 * * *.

{¶ 13} 6. On January 18, 2013, Pingue filed this complaint seeking a writ of prohibition. Pingue also sought a stay of the underlying Franklin CPC action which this court denied.

{¶ 14} 7. On February 28, 2013, respondent, filed a motion for summary judgment.

{¶ 15} 8. On March 13, 2013, Pingue filed a cross-motion for summary judgment and a memorandum opposing respondent's motion for summary judgment.

{¶ 16} 9. On March 18, 2013, Alexander Square filed an intervening cross-motion for summary judgment and a memorandum in opposition to Pingue's motion for summary judgment.

{¶ 17} 10. The matter is currently before the magistrate on the three motions for summary judgment.

Conclusions of Law:

---

[1] Whether tortious interference with economic relations by virtue of towing vehicles potentially in violation of R.C. 4513.60 is actionable and is an issue that can be argued at the evidentiary hearing. *See Wurdlow v. Turvy,* 10th Dist. No. 12AP-25, 2012--Ohio-4378, ¶ 11

{¶ 18} For the reasons that follow, it is this magistrate's decision that this court should grant summary judgment in favor of respondent and Alexander Square because Pingue has not demonstrated that the trial court patently and unambiguously lacks jurisdiction over the underlying action filed by Alexander Square.

{¶ 19} As an initial matter, Pingue contends that this court cannot grant summary judgment in favor of respondent because there are genuine issues of material fact. The magistrate disagrees with Pingue's assertion.

{¶ 20} In terms of this court's determination of whether respondent patently and unambiguously lacks jurisdiction over Alexander Square's action filed in the Franklin CPC, the material facts are not in dispute. The Franklin CPC clearly and succinctly set out the basic facts and allegations asserted in the Delaware CPC filed by Pingue as well as the facts and allegations asserted in the Franklin CPC filed by Alexander Square. Nowhere in his memorandum opposing either motion for summary judgment does Pingue set forth any material facts which are in dispute.

{¶ 21} Neither mandamus nor prohibition will issue if Pingue has an adequate remedy in the ordinary course of law. *See State ex rel. Kreps v. Christiansen,* 88 Ohio St.3d 313 (2000). In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. *See State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426 (2001). A writ of prohibition will not issue to prevent an erroneous judgment, or to serve the purpose of an appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion, Supt. of Bldg. & Loan Assns. v. Court of Common Pleas of Tuscarawas Cty.,* 137 Ohio St. 273 (1940).

{¶ 22} Pingue contends that respondent lacks jurisdiction over the proceedings brought by Alexander Square alleging that Pingue's actions of having vehicles towed from Alexander Square's land violates R.C. 4513.60, which includes a safe-harbor provision for property owners or their agents who have vehicles towed from established private tow-away zones and Alexander Square's further allegation that, by violating R.C. 4513.60,

Pingue has tortiously interfered with Alexander Square's contractual relationships, business relationships, and prospective business relationships. Pingue asserts that the jurisdictional priority rule patently and unambiguously divests any court other than the Delaware CPC of jurisdiction over the dispute.

{¶ 23} The jurisdictional priority rule provides:

> As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. (*John Weenink & Sons Co. v. Court of Common Pleas,* 150 Ohio St. 349, 82 N.E.2d 730 [38 O.O. 189] approved and followed.)

*State ex rel. Racing Guild of Ohio v. Morgan,* 17 Ohio St.3d 54 (1985).

{¶ 24} As a general rule, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second. *Red Head, Brass, Inc. v. Holmes Cty. Court of Common Pleas,* 80 Ohio St.3d 149 (1997).

{¶ 25} In the Delaware CPC, Pingue asserts several causes of action including trespass. Specifically, Pingue contends that Alexander Square is permitting its lessees, customers, and/or business invitees to park their vehicles in portions of the 1995 easement area. Pingue contends that Alexander Square is illegally taking portions of the easement area away from Pingue and is violating the 1995 easement. Ultimately, Pingue seeks injunctive relief as well as damages.

{¶ 26} As noted previously, the Delaware CPC was filed in August 2011. According to the record evidence, both sides have motions filed for summary judgment in the Delaware CPC.

{¶ 27} Further, the record establishes that approximately one year after Pingue filed his action in the Delaware CPC, Pingue began towing cars owned by Alexander Square residents.

{¶ 28} In the Franklin CPC, Alexander Square asserts that Pingue is violating R.C. 4513.60 and tortiously interfering with Alexander Square's business. The magistrate finds that respondent's conclusion that the Franklin CPC could adjudicate Alexander Square's

cause of action separate and apart from Pingue's Delaware CPC action is correct. As the trial court found, allegations that Pingue violated R.C. 4513.60 by towing cars is separate from Pingue's arguments that residents and business invitees of Alexander Square were parking in the easement. In the Franklin CPC, the question is whether or not Pingue properly towed those cars and, if not, whether that finding can form the basis for Alexander Square's assertion that Pingue has tortiously interfered with Alexander Square's economic relations. The resolution of Pingue's claims in the Delaware CPC need not be determined.

{¶ 29} It must be remembered that the role of this court is to determine whether or not the trial court patently and unambiguously lacks jurisdiction and not whether the jurisdictional priority role precludes the trial court from exercising jurisdiction. The second is an issue which could be raised on appeal.

{¶ 30} Even construing the facts most strongly in Pingue's favor, reasonable minds could reach only one conclusion and that is that the trial court does not patently and unambiguously lack jurisdiction to hear Alexander Square's case. As such, it is this magistrate's decision that this court should deny Pingue's motion for summary judgment and grant summary judgment in favor of respondent and Alexander Square.


/S/ MAGISTRATE
STEPHANIE BISCA BROOKS


NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).